STATE of Arkansas *v.* Theresa and Doug THURMAN

CR 91-93                                        808 S.W.2d 762

Supreme Court of Arkansas

Opinion delivered May 13, 1991

[Supplemental Opinion on Petition for Rehearing
June 17, 1991.]

[Supplemental Opinion on Denial of Rehearing
October 28, 1991.]

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, for appellant.

*Cross, Kearney & McKissic*, by: *Gene E. McKissic*, for appellees.

ROBERT H. DUDLEY, Justice. The jury found the appellees guilty of a misdemeanor. They moved for judgments notwithstanding the verdicts. The State objected and, among other things, contended that such judgments are not authorized by the Rules of Criminal Procedure. See A.R.Cr.P. Rule 36.22. The trial court granted the judgments notwithstanding the verdicts. The State attempts to appeal the decision for the future guidance of trial courts. See A.R.Cr.P. Rule 36.10. We dismiss the appeal because the transcript was not filed within the sixty (60) day period as required by A.R.Cr.P. Rule 36.10(c), and we do not have jurisdiction.

On June 4, 1990, the trial court entered the judgments of acquittal notwithstanding the verdicts of the jury. On July 2, 1990, the State timely filed its notice of appeal. However, the transcript was not filed until September 5, 1990, which was more than sixty (60) days after the filing of the notice of appeal. The filing of the transcript within the sixty (60) day period as required by Rule 36.10(c) is jurisdictional. *State* v. *Bland*, 260 Ark. 511, 542 S.W.2d 497 (1976). Since we are without jurisdiction, we must dismiss the appeal.

NEWBERN, J., not participating.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING
JUNE 17, 1991

809 S.W.2d 821

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* for appellant.

*Cross, Kearney & McKissic,* by: *Gene E. McKissic,* for appellee.

PER CURIAM. On May 13, 1991, we handed down an opinion dismissing the State's appeal in this case because the transcript was not filed within the sixty (60) day period as required by A.R.Cr.P. Rule 36.10(c).

The State's notice of appeal was filed on July 2, 1990, and the transcript should have been filed on or before 5 p.m. on Friday, August 31. The file marks reflect that it was not filed until Wednesday, September 5, 1990.

The Attorney General has filed a petition for rehearing in which he makes the following alternative allegations:

(a) The transcript was, in fact, tendered to the clerk before 5:00 p.m. on Friday, August 31, and the clerk made a mistake in affixing the filing date of September 5.

(b) Even if the transcript was not tendered before 5:00 p.m. on Friday, August 31, it was tendered before 8:00 a.m. on Tuesday, September 4 and should have been back-dated to Friday, August 31. (The clerk's office was closed Monday September 3, which was Labor Day.) The State contends "that it has been a long standing practice of the Office of the Supreme Court Clerk to file-mark all transcripts, pleadings, and briefs present on the Clerk's desk in the morning when the clerk's office officially opens with a file-mark of the previous business date."

It is necessary for a hearing to be held to determine whether either allegation is true. We appoint the Honorable Bruce T. Bullion as Master to conduct the hearing. The Master is to presume the affixed filing date is correct, and the Attorney General will have the burden of proving, by a preponderance of the evidence, either allegation. Upon receiving a finding of fact form the Master, we will make a decision on the State's Petition for Rehearing. In the meanwhile, the mandate in this case will be held in abeyance.

NEWBERN, J. not participating.

*Winston Bryant*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for petitioner.

*Gene McKissic*, for appellee.

ROBERT H. DUDLEY, Justice. On May 13, 1991, we dismissed the appeal of this case because the transcript was not filed within the 60-day period required by Rule 36.10 of the Arkansas Rules of Criminal Procedure. *See State* v. *Thurman*, 305 Ark. 448, 808 S.W.2d 762 (May 13, 1991). The State filed a petition for rehearing and asserted that the dismissal was based upon an error of fact, that the transcript was "constructively" filed in time, and that the office of the Clerk of this court placed the wrong date on the file mark.

In response to the petition for rehearing, we appointed the Honorable Bruce T. Bullion as a master for this court. He has heard extensive evidence and filed a complete report in which he finds that there is no evidence to detract from the Clerk's file mark. We adopt that report, and deny the petition for rehearing.

NEWBERN, J., not participating.