Calvin LEAVY *v.* Larry NORRIS, Director

CR 96-268                                              920 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered May 6, 1996

*Appellant,* pro se.

No response.

PER CURIAM. Calvin J. Leavy was found guilty by a jury in 1992 of participating in a continuing criminal enterprise, public servant bribery, delivery of cocaine, and use of a communication facility in furtherance of a drug felony. He was sentenced respectively to terms of imprisonment of life, six years, twenty-five years, and ten years. We affirmed. *Leavy* v. *State,* 314 Ark. 231, 862 S.W.2d 832 (1993).

In 1995, Mr. Leavy filed a pro se petition for writ of habeas corpus in the circuit court in the county in which he was incarcerated. An order was entered denying the petition on September 19, 1995. An appeal of the order was not perfected, and petitioner Leavy now seeks to proceed with a belated appeal.

Petitioner contends that he forwarded a notice of appeal to the circuit clerk on September 26, 1995, which was not filed by the clerk. He argues that it can be determined from an affidavit attached to the motion for belated appeal that he filed the notice, but the affidavit is merely petitioner's notarized statement that he had the

notice of appeal notarized on September 26, 1995, and mailed it on September 27, 1995. There is nothing in the record or the motion to show that the circuit clerk received a notice of appeal from the petitioner within the thirty days allowed for filing a timely notice of appeal pursuant to Rule 4 (a) of the Rules of Appellate Procedure. We take judicial notice that petitioner forwarded a copy of a notice of appeal to this court which pertains to the September 19, 1995, order, but the filing date on the notice was November 28, 1995, making it untimely.

A petitioner has the right to appeal an adverse ruling on a petition for postconviction relief. *See Scott* v. *State*, 281 Ark. 436, 664 S.W.2d 475 (1984). With that right, however, goes the responsibility to file a timely notice of appeal within thirty days of the date the order was entered in accordance with Rule 4(a). If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Garner* v. *State*, 293 Ark. 309, 737 S.W.2d 637 (1987). The fact that a petitioner is proceeding pro se does not in itself constitute good cause for the failure to conform to the prevailing rules of procedure. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983).

This court has specifically held that the litigant who claims to have mailed an item has the burden of proving that he mailed it, and the bare allegation that a notice of appeal was mailed is not good cause to grant a belated appeal. *Skaggs* v. *State*, 287 Ark. 259, 697 S.W.2d 913 (1985). As we said in *Skaggs*,

> If it [the allegation that a notice was mailed] were [sufficient], there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a simple claim that the petitioner's failure to comply with the rules was caused by the post office.

The petitioner here appears to blame the circuit clerk rather than the post office for the fact that a notice of appeal was not filed in a timely manner, but the fact remains that he has presented nothing to show that he mailed it in a timely manner. It must be assumed that if the petitioner had mailed the notice to the clerk, it would have been delivered. As petitioner has not established that the clerk received the notice within thirty days of the order appealed from,

did not file it, and has stated no good cause for his failure to file a timely notice of appeal, the motion for belated appeal is denied.

Motion denied.

DUDLEY, J., not participating.