Anthony D. WHITE  *v.*  STATE of Arkansas

CR 08-45                                                      284 S.W.3d 64

Supreme Court of Arkansas
Opinion delivered May 8, 2008

Appellant, pro se.

No response.

PER CURIAM. A jury found petitioner Anthony D. White guilty of possession of cocaine, simultaneous possession of

drugs and firearms, and possession of a firearm by a felon and sentenced him to an aggregate term of 1320 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *White v. State*, CACR 06-799 (Ark. Ct. App. Apr. 25, 2007). Petitioner timely filed in the trial court a petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied by order entered on August 20, 2007.

Following the entry of that order, petitioner filed in the trial court a motion to modify, which requested rehearing of certain issues despite the prohibition in Ark. R. Crim. P. 37.2(d) against consideration of such a request. The trial court denied that motion, and petitioner filed a notice of appeal for the order entered on August 20, 2007. Each of these documents was marked as filed on September 25, 2007.

Petitioner filed in this court a motion for belated appeal, seeking permission to proceed with his appeal. We remanded for the trial court to take evidence to settle the record as to the filing date of the notice of appeal. *White v. State*, CR 08-45 (Ark. Feb. 28, 2007) (per curiam). The trial court conducted a hearing, and the record of that hearing, including the trial court's findings, has now been provided on remand.

The trial court was instructed that petitioner, as the party challenging the file mark, carried the burden to show by a preponderance of evidence that the filing date affixed was not correct. *See State v. Thurman*, 305 Ark. 448-A, 809 S.W.2d 821 (1991) (per curiam). The court conducted the hearing without petitioner, however, relying upon information from a deputy court clerk and the court's own recollection of events. Because that fact was undisputed, the trial court accepted as true petitioner's allegation that the circuit clerk received the notice of appeal of the August 20, 2007, order on September 12, 2007.

The court found that the clerk delayed filing the documents until September 25, 2007, but concluded that there was no clerical error. The court determined that, without some notice from the defendant concerning the urgency of the request, the delay was reasonable because the clerk was following procedure in not filing the documents until there was a ruling on a motion to proceed in forma pauperis included with petitioner's documents. The trial court indicated that none of the documents would be filed if the court's determination on the motion to proceed in forma pauperis

was not favorable, noting that the motion to proceed in forma pauperis was approved and an order was entered setting an initial partial filing fee.

■ Petitioner's motion to proceed in forma pauperis and the referenced orders concerning it are not included in the partial record. We note first that a partial filing fee under Ark. Code Ann. § 16-68-606 (Repl. 2005) is not applicable, as Act 340 of 1997 applies only to civil cases. While proceedings on a Rule 37.1 petition may be civil in nature for some purposes, those cases are brought under criminal rules of procedure and are criminal cases for purposes of application of the act. *See Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

Moreover, a grant of the motion to proceed in forma pauperis would seem inconsistent with approval of a partial filing fee under the act. Under Ark. Code Ann. § 16-68-603 (Repl. 2005), an indigent incarcerated person is not prohibited from filing suit and Ark. Code Ann. § 16-68-604 (Repl. 2005) permits authorization of a suit without payment of fees and costs where an appropriate affidavit is filed. The court should respond to a motion to proceed in forma pauperis with a determination that the movant is either a pauper or that he is not. In civil proceedings, the court may waive the fees for a movant who is determined to be a pauper. In criminal proceedings, a determination that the movant is indigent requires waiver, not reduction, of the fee.

Whether the appellant is determined to be a pauper or not, and whether the appellant brings the matter to the clerk's attention, the circuit clerk may not decline to promptly file a notice of appeal concerning a denial of postconviction relief under Rule 37.1. As noted in our opinion remanding, a petitioner has the right to appeal a ruling on a petition for postconviction relief. *See Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984) (per curiam); *see also* Ark. R. Crim. P. 37.3(b). To the extent that a right of appeal is granted, equal protection applies. *McDonald v. State*, 356 Ark. 106, 111, 146 S.W.3d 883, 888 (2004) (citing *Gilliam v. State*, 305 Ark. 438, 808 S.W.2d 738 (1991)).

■ An appellant must file a notice of appeal within thirty days of the date the order was entered in order to comply with Ark. R. App. P.–Civ. 4(a). While an appellant may receive an extension of time in which to lodge the transcript in this court under Ark. R. App. P.–Civ. 5, as applied through Ark. R. App. P.–Crim. 4(a), our rules of procedure do not permit the circuit court to grant an

extension of time for filing a notice of appeal. To delay filing of the notice of appeal because a request has been submitted by the appellant to proceed in forma pauperis would in effect deny indigent appellants, and those who may in good faith believe that they are indigent, the right to appeal. We hold that the circuit clerk erred in failing to file the notice of appeal on the day received, September 12, 2007.

Because petitioner's notice of appeal was timely but for this clerical error, he has stated good cause to grant the motion for belated appeal. We issue a writ of certiorari and direct our clerk to lodge the partial record. The circuit clerk is directed to prepare the record as it pertains to the proceeding on the Rule 37.1 petition in accord with the notice of appeal and provide it to this court within thirty days of the date of this opinion. Our clerk shall set a briefing schedule and proceed with the appeal upon the return of the writ.

Motion granted; writ of certiorari issued.