

Cite as 2013 Ark. 412

# SUPREME COURT OF ARKANSAS

No. CR–13–761

|  |  |
|---|---|
| ROBERT E. BANNISTER<br>  PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br>  RESPONDENT | **Opinion Delivered**  October 10, 2013<br><br>PRO SE MOTION FOR RULE ON CLERK [CIRCUIT COURT OF WASHINGTON COUNTY, 72CR-11-902, HON. WILLIAM A. STOREY, JUDGE]<br><br>MOTION DENIED. |

### PER CURIAM

Now before us is a pro se motion filed by Robert E. Bannister in which he seeks to file in this court a pro se motion for belated appeal without a certified record or, in the alternative, seeks an order from this court directing the Circuit Clerk of Washington County to provide the certified record necessary to file the motion for belated appeal. Petitioner states that the motion for belated appeal pertains to an order entered June 14, 2013, that denied a pro se petition for writ of error coram nobis filed in his criminal case.

Even though petitioner includes the circuit clerk in his request for relief, the motion is properly considered as a motion for rule on our clerk to file the motion for belated appeal without the record required to file such motions. If a circuit clerk has not performed his or her duty in a case, a petitioner should seek relief in the circuit court. *See Meraz v. State*, 2010 Ark. 121 (per curiam); *see also Meraz v. Crow*, 2009 Ark. 362 (unpublished per curiam) (A claim that a circuit clerk had incorrectly file-marked a pleading would lie with the circuit

SLIP OPINION

court for resolution.). Petitioner contends that it would be fruitless for him to file a motion in circuit court asking for the certified record needed to file the motion for belated appeal because the circuit court has already erroneously declared the proceeding moot. Petitioner's assumption that the circuit court would rule in a particular fashion, however, does not allow him to proceed in this court without a certified record.

It is well settled that all litigants, including those who proceed pro se, must bear the responsibility of conforming to the rules of procedure. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam). While a petitioner, particularly if he or she is incarcerated, may bear certain burdens that challenge his or her ability to abide by procedural rules, the fact remains that this court cannot assume jurisdiction of a matter without an adequate record. *See Young v. State*, 2009 Ark. 608 (per curiam); *see also Croston v. State*, 2012 Ark. 183 (per curiam). Without a certified record, we are left to rely on a petitioner's statements and copies of documents that may or may not be true and accurate copies of the material filed in the circuit court as a foundation for assuming jurisdiction. *Young*, 2009 Ark. 608; *Croston*, 2012 Ark. 183. It is for this reason that we have consistently held that, without a certified record to establish jurisdiction, a motion for belated appeal cannot be acted on by this court.[1] *See Croston*, 2012 Ark. 183 (Petitioner's motion could not be filed as petitioner had failed to provide the certified record necessary to file a motion for belated appeal.). It was petitioner's burden to

---

[1]As with the requirements of this court's Rule 6-1(a), the pleadings and orders from the trial court are treated as the record. Ark. Sup. Ct. R. 6-1(a) (2012); *see Paige v. State*, 2012 Ark. 413 (per curiam); *Barnett v. Tabor*, 2010 Ark. 22 (per curiam); *Hall v. Griffin*, 2009 Ark. 494 (per curiam); *Dillard v. Keith*, 336 Ark. 521, 986 S.W.2d 100 (1999) (per curiam). This provision of Rule 6-1(a) is analogous to the record needed to act on a motion for belated appeal.



provide a certified record with a motion for belated appeal sufficient to establish this court's jurisdiction and sufficient to allow this court to rule on the merits of his motion. *See Williams v. Helena Reg'l Med. Ctr.*, 2012 Ark. 126 (per curiam); *Threadford v. Hobbs*, 2011 Ark. 468 (per curiam). Petitioner has not met that burden.[2]

Motion denied.

---

[2]It should be noted that Arkansas Rule of Appellate Procedure–Criminal 2(e) (2013) allows a period of eighteen months to file a motion for belated appeal in this court. As the order that is the subject of petitioner's tendered motion for belated appeal was entered June 14, 2013, he has ample time to secure the certified documents necessary to file the motion.