

# SUPREME COURT OF ARKANSAS

No. CV-12-437

| | |
|---|---|
| STEPHEN EDWARDS<br><br>           APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS AND SEX OFFENDER SCREENING & RISK ASSESSMENT COMMITTEE<br>           APPELLEES | **Opinion Delivered**   February 20, 2014<br><br>PRO SE MOTION FOR RECONSIDERATION FROM REVERSAL OF AN APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-11-669]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><u>MOTION TREATED AS PETITION FOR REHEARING AND DENIED</u>. |

## PER CURIAM

Appellant Stephen Edwards entered a guilty plea to second-degree sexual assault and, in conjunction with that judgment, was required to register as a sex offender under Arkansas Code Annotated section 12-12-905 (Repl. 2009). The Arkansas Department of Correction Sex Offender Screening & Risk Assessment Program ("SOSRA") conducted a community notification risk assessment as required under the Sex Offender Registration Act of 1997, codified at Arkansas Code Annotated sections 12-12-901 to -923 (Repl. 2009) (the "Registration Act"), and assigned appellant a Community Notification Level 3. Appellant requested an administrative review, and the Sex Offender Assessment Committee ("Committee") upheld the Level 3 assessment.

Appellant then filed a petition in circuit court for judicial review of the final

SLIP OPINION

administrative order under the Arkansas Administrative Procedure Act ("APA").[1] *See* Ark. Code Ann. § 12-12-922(b)(7)(A)(ii). The Committee moved to dismiss the appeal for lack of jurisdiction based on an untimely petition. The circuit court denied the Committee's motion to dismiss, and it denied and dismissed the petition. When appellant lodged his appeal in this court, the Committee filed a cross-appeal of the denial of its motion to dismiss for lack of jurisdiction. We reversed on the cross-appeal. *Edwards v. State*, 2013 Ark. 434 (per curiam). Appellant has filed a pro se motion for reconsideration, which we treat as a petition for rehearing of the decision reversing the circuit court's order under Arkansas Supreme Court Rule 2-3 (2013). *See Burks v. State*, 2013 Ark. 274 (per curiam).

In our decision reversing on cross-appeal, this court held that appellant did not establish that he had complied with the rules of procedure so as to file a timely petition and that the circuit court did not therefore have a basis to determine that the petition was timely. In his motion, appellant asserts that, as an incarcerated pro se litigant, he was not able to ensure that the papers he submitted to the circuit clerk prior to the filing deadline, including those that sought to proceed in forma pauperis, were acted on by the judge and filed within the applicable time limits. He contends that the circuit clerk, under our decisions in *Meraz v. Crow*, 2009 Ark. 369 (per curiam) and *White v. State*, 373 Ark. 415, 284 S.W.3d 64 (2008), was required to file-mark his petition for judicial review on the date that it was tendered and that the clerk's failure to do so was clerical error.

*Meraz* held that it was clerical error for a circuit clerk to delay filing a petition under

---

[1]The Administrative Procedure Act is codified at Arkansas Code Annotated sections 25-15-201 to -218 (Repl. 2002 & Supp. 2007).

SLIP OPINION

Arkansas Rule of Criminal Procedure 37.1 while a motion to proceed as a pauper was pending, and this court's analysis relied on a similar decision in *White* that concluded it was clerical error for the clerk to decline to file a notice of appeal on the denial of a Rule 37.1 petition. 2009 Ark. 369; *see also White*, 373 Ark. 415, 284 S.W.3d 64. The holdings in *Meraz* and *White*, however, are inapplicable here. The decision in *White* was based in part on the reasoning that the clerk was required to file the appellant's notice of appeal whether a fee was paid or not. *White*, 373 Ark. 415, 417, 284 S.W.3d 64, 65. As this court indicated in its original opinion on this matter, the clerk was not required to file a petition for review unless provided with the appropriate fee or a basis for a waiver of that fee, and there was no clerical error shown by appellant. *Edwards*, 2013 Ark. 434, at 4.

Because appellant did not demonstrate clerical error in the clerk's marking the petition for review as filed on the date that the order granting appellant's request to proceed as a pauper was entered, this court did not err in determining that there was no clerical error shown. Under Rule 2-3(g), this court grants a request for rehearing or reconsideration only if the appellant calls attention to specific errors of law or fact in the opinion. *Burks v. State*, 2013 Ark. 274 (per curiam); *MacKool v. State*, 2013 Ark. 341 (per curiam); *McArty v. Hobbs*, 2012 Ark. 306 (per curiam). Appellant contends that he had no control over when the documents were forwarded from the judge to the clerk for filing because of his incarceration, but it is well settled that all litigants, including those who proceed pro se, must bear the responsibility of conforming to the rules of procedure. *Bannister v. State*, 2013 Ark. 412 (per curiam) (Even an incarcerated petitioner, who may bear certain burdens that challenge his or her ability to do so, must abide

by the procedural rules.).  Because appellant failed to demonstrate any error of fact or law contained in this court's opinion, his motion for rehearing is denied.  *See MacKool*, 2013 Ark. 341.

Motion treated as petition for rehearing and denied.

*Stephen Edwards*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellee.