SLIP OPINION

Cite as 2015 Ark. 139

# SUPREME COURT OF ARKANSAS

No. CV-15-49

| | |
|---|---|
| RICHARD EHLER<br>　　　　　　　　　　　PETITIONER<br><br>V.<br><br><br>POST-PRISON TRANSFER BOARD<br>　　　　　　　　　　　RESPONDENT | Opinion Delivered April 2, 2015<br><br>PRO SE PETITION TO PROCEED IN FORMA PAUPERIS<br>[PULASKI COUNTY CIRCUIT COURT, NO. ___]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>DENIED. |

**PER CURIAM**

In the instant petition to proceed in forma pauperis, petitioner Richard Ehler seeks leave to file a motion for rule on clerk to lodge the record without paying the filing fee required to file such a motion. Appended to the petition is petitioner's affidavit of indigency, and petitioner has tendered the motion for rule on clerk to the court for filing.

The record before us reflects that petitioner tendered for filing in the Pulaski County Circuit Court a pro se petition for leave to proceed in forma pauperis with respect to a petition for judicial review. Also tendered for filing was petitioner's proposed order granting leave to proceed in forma pauperis. The record further reflects that the proposed order granting leave to proceed in forma pauperis was marked with a handwritten notation of the date, September 14, 2014, and "Petition Denied," and it appears to be initialed by Circuit Judge Timothy Davis Fox with the initials, "TDF." Neither the petition to proceed in forma pauperis nor the order was filed-marked by the circuit clerk or assigned a case number. On September 24, 2014,

petitioner filed a notice of appeal from the denial of his petition to proceed in forma pauperis; the notice of appeal does bear a file-mark and was assigned a miscellaneous case number used to docket documents not associated with a specific case. Per the circuit clerk's certificate of record, the petition and order in the instant case were not file-marked or assigned a case number because the motion to proceed in forma pauperis was denied and no filing fee was submitted; thus, according to the circuit clerk, no civil action was filed that would require the assignment of a case number.

On December 22, 2014, petitioner timely tendered the appeal record to the clerk of this court. The record was rejected by the clerk, however, because it lacked a *file-marked* copy of the order from which petitioner seeks to appeal. We now consider petitioner's petition to proceed in forma pauperis with the filing of a motion for rule on clerk and deny the petition.

Arkansas Rule of Civil Procedure 72 (2014) conditions the right to proceed in forma pauperis in civil matters upon, among other things, the court's satisfaction that the alleged facts indicate a colorable cause of action. *Brown v. Sachar*, 2013 Ark. 319 (per curiam). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.* Petitioner has not demonstrated such a claim here. Where no fundamental right is involved, filing fees do not violate due process. *Id.*

Petitioner contends in the petition only that he is entitled to proceed in forma pauperis because he is unable to pay the costs associated with the proceeding and the motion for rule on clerk is not brought for a frivolous or malicious purpose. The statement does not constitute a

showing of a colorable cause of action. Petitioner is responsible for remitting the required filing fee at his expense within thirty days of the date of this opinion if he desires to proceed with the tendered motion for rule on clerk to lodge the record.

We note, however, that, until an order denying petitioner's indigent status is filed of record in the circuit court, there is no effective order from which petitioner may appeal. Pursuant to Arkansas Rule of Civil Procedure 58 (2014), "[a] judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2." Administrative Order No. 2(b)(2) (2014) provides that "[t]he clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.' A judgment, decree or order is entered when so stamped or marked by the clerk." *See also McGhee v. Ark. Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006) ("[A]n oral order announced from the bench does not become effective until reduced to writing and filed.").

Petition denied.

*Richard Ehler*, pro se petitioner.

No response.