SLIP OPINION

Cite as 2015 Ark. App. 428

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-1028

| | | |
|---|---|---|
| LOUIS RICHARD | | **Opinion Delivered** AUGUST 26, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. CR2013-132] |
| STATE OF ARKANSAS | | HONORABLE TOM COOPER, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## CLIFF HOOFMAN, Judge

Louis Richard appeals after he was convicted by a Howard County Circuit Court jury of two counts of forgery in the second degree. He was sentenced to serve 300 months' imprisonment on each count, to be served consecutively. On appeal, appellant solely contends that the trial court committed reversible error in denying his motion for severance. We affirm.

Because appellant does not contest the sufficiency of the evidence, only a brief recitation of facts is necessary. *Pruitt v. State*, 2013 Ark. 128. On December 20, 2013, the State filed an information charging appellant with one count of forgery in the second degree. On August 6, 2014, the State filed an amended information to additionally charge appellant with a second count of forgery in the second degree. Subsequently, appellant filed a motion for severance on August 18, 2014, pursuant to Arkansas Rule of Criminal Procedure 22.2 (2014), alleging that the two offenses should have been severed because the two alleged

forgeries occurred on separate dates, December 9, 2013, and December 16, 2013. After a hearing, the trial court denied the motion for severance, specifically stating that it was doing so "based on the strong argument that it's from the same account and the additional argument [that] there's a connection between cashing the second check to pay off the first check would clearly be a single scheme or plan."

Price Kruel, owner of a local Western Auto, testified that he cashed a $100 check for appellant on December 9, 2013, with Betty and Kelsie Willard named on the check as the account holders. When Kruel cashed the check, appellant informed him that the check was payment for raking leaves. Appellant used part of the funds to pay toward a charge account that he had with Western Auto and received some cash as well. On December 14, 2013, Kruel received notice that the bank account for the check was closed, and the check was returned. After the return of the check, Kruel called Ms. Willard, who explained that she did not know anything about the check. Afterwards, Kruel attempted to call appellant by telephone but was only able to reach appellant's mother on December 14, 2013, and he informed the appellant's mother about the check's return and his intention to notify the police. On December 16, 2013, appellant called Kruel and told him that he would take care of the matter but could not do so that day. Therefore, Kruel immediately notified the police. Subsequently, appellant's mother gave him $100 to satisfy the check.

Haley Hash, an employee at the Starz restaurant, testified that appellant had been in the restaurant on December 16, 2013, and asked to cash a $60 check. She remembered that Betty and Kelsie Willard were named as the account holders on the check. After inspecting

the back of the check, she testified that it had been signed but then had been marked out. Appellant had explained to her that he initially had signed it but then had marked it out because he thought that she would need him to sign it in her presence. However, she testified that she refused to cash the check for appellant.

Ms. Willard testified that she did not know the appellant and did not give any checks to him. She explained that Kelsie Willard was her son and was listed on the account in case she needed him to do something for her, but he did not normally write checks on her account. She further explained that the account named on the check had been closed and that the bank had been closed since 2000. Additionally, Mr. Willard testified that Ms. Willard was his mother and that he did not know the appellant either.

Although appellant properly made a motion for a directed verdict and renewed his motion after the close of all evidence, appellant did not renew his motion for severance. The jury convicted appellant of both counts, and he was sentenced to serve 300 months' imprisonment on each count to be served consecutively. This appeal followed.

Appellant's sole contention is that the trial court committed reversible error in denying his motion for severance. The State argues in its response that appellant's contention was not properly preserved for this court's consideration on appeal, and we agree. Arkansas Rule of Criminal Procedure 22.1(b) (2014) states that "[i]f a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion." Here, the record reflects that the appellant failed to renew his right to severance, and therefore, he cannot now challenge

the denial of his pretrial motion to sever. *Pruitt, supra.* Thus, we affirm.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*James Law Firm*, by: *William O "Bill" James, Jr.*, for appellant.

*LeslieRutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Matthew Rowland*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.