SLIP OPINION

Cite as 2015 Ark. 400

# SUPREME COURT OF ARKANSAS

No. CR-15-689

| | |
|---|---|
| TERRELL W. HOOD<br>PETITIONER | **Opinion Delivered** October 29, 2015 |
| V. | PRO SE MOTION FOR BELATED APPEAL<br>[FAULKNER COUNTY CIRCUIT COURT, NOS. 23CR-12-217, 23CR-12-363, 23CR-12-511, 23CR-12-1140, 23CR-12-1141] |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | <u>MOTION DENIED</u>. |

**PER CURIAM**

Petitioner Terrell W. Hood filed a motion in this court requesting permission to proceed with a belated appeal of the denial of a motion that he filed in the Faulkner County Circuit Court. Because it is clear that Hood cannot prevail on an appeal to this court, we deny the motion.

On November 22, 2013, Hood filed a motion in the circuit court in three cases, 23CR-12-363, 23CR-12-1140, and 23CR-12-1141. The motion sought to have the court compel the circuit clerk to file documents that he had tendered in the proceedings. The motion was not clear concerning what documents the clerk was alleged to have failed to file, but it appears that the documents challenged Hood's incarceration on those charges. The motion mentioned cash bonds that Hood averred he had paid, but it did not include a request that the bonds be returned to him.

The court entered an order in each of the three cases on April 10, 2015, denying the motion on the basis that the cases had been nolle prossed. Hood filed a notice of appeal on May 12, 2015, in 23CR-12-1140. Then, on June 3, 2015, he filed a notice of appeal that listed all three cases and, additionally, 23CR-12-217 and 23CR-12-511. Hood filed a third notice of appeal on June 12, 2015, that, again, listed only 23CR-12-1140. On August 5, 2015, the record was tendered to this court. Our clerk declined to lodge it on the basis that none of the three notices of appeal were timely as to the April 10, 2015 order.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) requires that a notice of appeal must be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. Hood states that the order he would appeal denied a request for return of bonds. Hood's motion referenced in the order, however, did not request that relief.

The motion appears to have been a motion for rule on clerk that requested relief in the form of direction to the circuit clerk to file certain documents. The documents referenced in the motion were a motion for dismissal and petitions that concerned Hood's claim of unlawful imprisonment. So, while the precise nature of the motion may not be clear, it was related to postconviction relief and not return of the bonds. The relief requested in this case was postconviction relief, and, under Rule 2(a), the notice of appeal had to be filed within thirty days of the April 10, 2015 order that Hood identified in the three notices of appeal.

The thirtieth day after that date fell on Sunday, May 10, 2015. If the end of the required period falls on a weekend day, the last day for filing a notice of appeal is extended until the

SLIP OPINION

following Monday. Ark. R. Crim. P. 1.4. Hood's notice of appeal to the April 10 order therefore had to be filed by May 11, 2015. The earliest notice of appeal was filed May 12, 2015.

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.* In his motion for belated appeal, Hood asserts good cause is demonstrated because he was not provided notice of the order denying the motion and because he sent the notice of appeal to the clerk of the Arkansas Court of Appeals by mistake before he was advised that the notice should be filed in the circuit court.

We need not consider Hood's claims that he had good cause to excuse any delay. This court does not consider asserted grounds for good cause to excuse a procedural default where it is clear from the record that the petitioner could not prevail if an appeal of postconviction relief were allowed to proceed. *Early v. Hobbs*, 2015 Ark. 313, ___ S.W.3d ___ (per curiam). In this case, the record demonstrates that Hood could not prevail.

Although Hood referenced 23CR-12-217 and 23CR-12-511 in the motion for belated appeal and one of the three notices of appeal, the order at issue and the motion the order disposed of concerned only 23CR-12-363, 23CR-12-1140, and 23CR-12-1141. As previously noted, although he now contends that he sought to recover the bonds, the only relief requested in the November 22, 2013 motion was to file pleadings to challenge a conviction or dismiss the charges. The court indicated in its order that those cases had been nolle prossed. The docket

listings in the record support the court's findings in that regard.[1]

The circuit court has jurisdiction to consider a claim that its clerk should perform a particular duty. *Willis v. Circuit Clerk of Sebastian Cnty.*, 2009 Ark. 515 (per curiam). In some instances, the refusal to file or a delay in filing pleadings may implicate a criminal defendant's constitutional rights. *See White v. State*, 373 Ark. 415, 284 S.W.3d 64 (per curiam). This court has held that untimely Rule 37.1 petitions should be filed so that this court may review the trial court's determination on the issue of jurisdiction. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

The same considerations, however, do not apply in this case. The circuit court would not have had jurisdiction to consider the issues that Hood sought to have addressed in a case where the charges had already been dismissed and no conviction existed. A court's clerk may correctly decline to file pleadings when the jurisdiction lies elsewhere. Because Hood's case was dismissed in each case without a conviction or trial, it is clear on the record that the circuit court did not err in finding that it was not clerical error to decline to file the types of pleadings that Hood wished to file. Hood could not prevail on appeal, and we accordingly deny his motion to proceed with a belated appeal.

Motion denied.

---

[1]The order referenced an order entered September 20, 2013. All three cases were nolle prossed, and the docket listings for the cases reflect that orders were entered in 23CR-12-363 and 23CR-12-1140 on September 25, 2013. In 23CR-12-1141, there were two orders listed. One was entered on October 7, 2013, and the other on October 8, 2013.

SLIP OPINION