Cite as 2015 Ark. 472

# SUPREME COURT OF ARKANSAS

No. CV-15-397

| | |
|---|---|
| ALLEN LYNN PENN<br>　　　　　　　　PETITIONER<br><br>V.<br><br><br>RICHARD GALLAGHER, CUSTODIAN<br>OF RECORDS, ARKANSAS STATE<br>CRIME LAB, AND KERMIT B.<br>CHANNELL, EXECUTIVE DIRECTOR,<br>ARKANSAS STATE CRIME LAB<br>　　　　　　　　RESPONDENTS | **Opinion Delivered** December 10, 2015<br><br>PRO SE PETITION TO PROCEED IN<br>FORMA PAUPERIS<br>[PULASKI COUNTY CIRCUIT COURT,<br>NO. 60CV-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX,<br>JUDGE<br><br>PETITION DENIED. |

**PER CURIAM**

On April 10, 2015, petitioner Allen Lynn Penn timely tendered to this court an appeal record. The record reflected that Penn had tendered for filing in the Pulaski County Circuit Court a pro se petition for leave to proceed in forma pauperis with respect to a petition for writ of mandamus and also a proposed order granting leave to proceed in forma pauperis. The record further reflected that the proposed order granting leave to proceed in forma pauperis was marked with a handwritten notation of the date December 10, 2014, and "Petition Denied," and it appeared to be initialed by Circuit Judge Timothy Davis Fox with the initials "TDF." Neither the petition to proceed in forma pauperis nor the order was filed-marked by the circuit clerk or assigned a case number. On January 12, 2015, Penn filed a notice of appeal from the denial of his petition to proceed in forma pauperis. The notice of appeal was file-marked and was assigned a miscellaneous case number used to docket documents not associated with a specific case—60CV-50-6. Per the circuit clerk's certificate of record, the petition and the order in the

case were not file-marked or assigned a case number because the motion to proceed in forma pauperis was denied and no filing fee was submitted; thus, according to the circuit clerk, no civil action was filed that would require the assignment of a case number.

The appeal record was rejected by our clerk because it lacked a *file-marked* copy of the order from which Penn sought to appeal. He then tendered to this court a motion for rule on clerk and filed a petition to proceed in forma pauperis, asking that this court permit him to file the motion for rule on clerk without submitting the filing fee required to file such actions.

Upon an initial review of the petition to proceed in forma pauperis filed in this court, we determined that proper consideration could not be given to it without a certified, file-marked order from the circuit court denying Penn's petition to proceed in forma pauperis in that court. Accordingly, we remanded the matter to the circuit court with direction that the Pulaski County Circuit Clerk submit to this court within ten days a certified, file-marked copy of Penn's petition to proceed as an indigent and the circuit court's order denying that petition. *Penn v. Gallagher*, 2015 Ark. 354 (per curiam). On October 7, 2015, the file-marked copies of the petition and the order were tendered to this court, and we now have before us the documents necessary to decide Penn's petition to proceed with his motion for rule on clerk without submitting a filing fee.

We have previously addressed the question of when a petitioner may proceed in forma pauperis in a civil matter after being denied indigent status in the circuit court. The issue is governed by Arkansas Rule of Civil Procedure 72 (2015). *See Ehler v. Post-Prison Transfer Bd.*, 2015 Ark. 139, at 2 (per curiam). The Rule conditions the right to proceed in forma pauperis in civil matters upon, among other things, the court's satisfaction that the alleged facts indicate

a colorable cause of action. *Id.* A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.* Penn has not demonstrated such a claim here.

Penn claims only that he desires to file a motion for rule on clerk in this court, that he is indigent, and that he is "entitled to relief and such petition is not brought for a frivolous or malicious purpose." When no fundamental right is involved, requiring a fee to file a pleading does not violate due process. *Id.* As Penn has not alleged that a fundamental right is involved in his case, he is required to submit a fee to file the motion for rule on clerk. *See id.* (The petitioner, who contended he was unable to pay the costs associated with the proceeding and his motion for rule on clerk was not brought for a frivolous or malicious purpose, was required to pay a filing fee to proceed in this court because he did not make a showing of a colorable cause of action.); *see also Mitchell v. Post-Prison Transfer Bd.*, 2015 Ark. 140 (per curiam); *Brown v. Sachar*, 2013 Ark. 319 (per curiam). Penn is responsible for remitting the fee required to file his motion for rule on clerk within thirty days of the date of this opinion if he desires to proceed with the tendered motion. *See Mitchell*, 2015 Ark. 140; *see also Ehler*, 2015 Ark. 139; *Brown*, 2013 Ark. 319.

We take this opportunity to note that, because a circuit court order is not effective until it is entered-of-record, the circuit court is charged with filing its orders so that an appeal can be taken if a party desires to appeal. That is, an order denying a petitioner's request for indigent status must be filed of record in the circuit court; otherwise, there is no effective order from which an appeal can be taken. *Mitchell*, 2015 Ark. 140, at 3. Pursuant to Arkansas Rule of Civil

Procedure 58 (2015), "[a] judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2." Administrative Order No. 2(b)(2) (2015) provides that "[t]he clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.' A judgment, decree or order is entered when so stamped or marked by the clerk." *See also McGhee v. Ark. Bd. of Collection Agencies*, 368 Ark. 60, 67, 243 S.W.3d 278, 284 (2006) ("[A]n oral order announced from the bench does not become effective until reduced to writing and filed.").

Petition denied.