SLIP OPINION

Cite as 2016 Ark. 71

# SUPREME COURT OF ARKANSAS.

No. CV-15-958

| | |
|---|---|
| KENNY HALFACRE<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** February 18, 2016<br><br>PRO SE MOTION FOR RULE ON CLERK<br>[LINCOLN COUNTY, NO._____]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>MOTION GRANTED; REMANDED. |

## PER CURIAM

This is an appeal from an order denying a petition to proceed in forma pauperis in the circuit court. On September 25, 2015, the appellant, Kenny Halfacre tendered an appeal record to the clerk of this court which was rejected because it lacked a file-marked copy of the order from which Halfacre appealed. Pending before this court is Halfacre's motion for rule on the clerk. For the reasons stated below, the motion is granted and the record remanded to the circuit court.

In his motion for rule on clerk, Halfacre contends that he had submitted to the circuit court a petition for habeas corpus relief and asked the court for permission to proceed in forma pauperis. The record tendered on appeal demonstrates that the circuit court issued an order that denied the in forma pauperis petition. This order contained a handwritten date of July 14, 2015, but it was not file marked. In addition, the tendered record also lacked a copy of the petition to proceed in forma pauperis, and, while the tendered record contained an affidavit submitted by Halfacre in support of the petition to proceed in forma

pauperis, the affidavit was not file marked. The record reflects that a docket number was not assigned, and the action filed by Halfacre was identified by the circuit clerk as "unfiled inmate pleadings." Halfacre submitted a timely notice of appeal which was file marked with a date of August 14, 2015. Filing a timely notice of appeal is sufficient to confer appellate jurisdiction. *Smith v. Estate of Howell*, 372 Ark. 186, 190, 272 S.W.3d 106, 109 (2008). On August 27, 2015, the circuit court issued an order granting Halfacre's petition to proceed in forma pauperis with this appeal. That order was also file marked.

A motion for rule on the clerk is appropriate if Halfacre establishes good cause for the failure to comply with relevant procedural rules. When a petitioner fails to perfect an appeal, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Clemons v. State*, 2014 Ark. 454, at 3, 446 S.W.3d 619, 621 (per curiam). Here, because the circuit clerk refused to file mark the order denying the in forma pauperis petition, Halfacre has demonstrated good cause for failure to perfect his appeal.

Furthermore, we find that proper consideration cannot be given to Halfacre's appeal from the denial of his petition to proceed in forma pauperis without a certified, file-marked copy of the order from which this appeal is taken. Pursuant to Arkansas Rule of Civil Procedure 58 (2015), an order or decree is effective only when it is entered in accordance with Administrative Order No. 2. Administrative Order No. 2(b)(2)(2015), states in pertinent part that the clerk shall denote the date and time an order is filed by stamping or otherwise marking it with the date and time and the word "filed." *See Mitchell v. Post-Prison Transfer Board*, 2015 Ark. 140, at 3. We have made it clear that a circuit court is charged

SLIP OPINION

with filing its orders so that an appeal can be taken if a party desires to appeal. *Penn v. Gallagher*, 2015 Ark. 472, at 4 (per curiam); *see also Penn v. Gallagher*, 2015 Ark. 354 (per curiam). A petitioner has the right to appeal an adverse ruling on a petition for post-conviction relief, including a petition for a writ of habeas corpus. *See Leavy v. Norris*, 324 Ark. 346, 348, 920 S.W.2d 842, 842-43 (1996) (per curiam). This court has held that a circuit court may not prevent an appeal from an adverse decision by implementing procedures that prevent indigent petitioners from filing timely appeals. *See White v. State*, 373 Ark. 415, 418, 284 S.W.3d 64, 66 (2008) (per curiam). This is so because to the extent that a right of appeal is granted, equal protection applies and procedures that would result in a violation of equal protection are prohibited. *Id.*

Furthermore, the Arkansas Rules of Appellate Procedure make it possible to correct and supplement records solely on the initiative of the either the appellate court or the circuit court. Arkansas Rule of Appellate Procedure –Civil 6(e)1 (2015), states in pertinent part that an appellate court may direct, on its own initiative, that a material omission shall be corrected, and if necessary, that a supplemental record be certified and transmitted. *See Gore v. Heartland*, 356 Ark. 665, 668, 158 S.W.3d 123, 125 (2004). Also pursuant to this rule of appellate procedure, the circuit court has continuing jurisdiction to correct and supplement the record. Therefore, even though the circuit court loses jurisdiction over the parties and subject matter of the litigation once the record is lodged, it has the jurisdiction as well as the responsibility to settle the record on appeal. *Id*. at 669, 158 S.W.3d at 125; Ark. R. App. P.–Civ. 6(e)(1) (2015). The record must be supplemented with file-marked copies of the order as well as file-marked copies of any of the relevant pleadings upon which the circuit

SLIP OPINION

court relied. Because the right to proceed in forma pauperis in civil matters depends on a determination that the underlying action constitutes a colorable cause of action, a file-marked copy of Halfacre's habeas corpus petition is necessary to a determination of this appeal. Ark. R. Civ. P. 72(c) (2015); *Stanley v. Coomer*, 2014 Ark. 338, at 1–2 ,439 S.W.3d 54, 55 (per curiam).

Appellant's motion for Rule on the Clerk is granted and the Clerk is directed to file the record tendered on appeal.

Remanded with direction for submission within ten days of a certified file-marked order denying the in forma pauperis petition, together with submission of certified file-marked pleadings relevant to a determination of this appeal, including the petition for a writ of habeas corpus.