SLIP OPINION

Cite as 2016 Ark. 143

# SUPREME COURT OF ARKANSAS.
No. CR–16–58

| | | |
|---|---|---|
| DOUGLAS COOK | | **Opinion Delivered** March 31, 2016 |
| | PETITIONER | |
| | | PRO SE MOTION FOR BELATED APPEAL AND CERTIORARI TO COMPLETE THE RECORD [POPE COUNTY CIRCUIT COURT, NO. 58CR–14–276] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | REMANDED WITH DIRECTIONS. |

## PER CURIAM

On October 27, 2014, petitioner Douglas Cook pleaded guilty to four counts of rape and was sentenced to an aggregate sentence of 720 months' imprisonment in the Arkansas Department of Correction. On July 8, 2015, a petition for leave to proceed in forma pauperis to file a Rule 37.1 petition and an affidavit in support of request to proceed in forma pauperis was filed in the Pope County Circuit Court. The tendered record contains an unsigned order granting the petition for leave to proceed in forma pauperis, a Rule 37.1 petition, and a motion for transcript of Rule 37 proceedings that bear no file-mark. On July 27, 2015, the trial court entered an order denying Cook's Rule 37.1 petition, his motion for transcript, and his petition to proceed in forma pauperis as untimely. Cook filed a notice of appeal on August 18, 2015, from the denial.

After filing his notice of appeal, Cook filed on October 20, 2015, a motion to compel the circuit clerk to designate the entire record to the Arkansas Supreme Court pursuant to Arkansas Rule of Appellate Procedure—Civil 5(a). In an October 20, 2015 order, the trial

court denied Cook's motion, finding it was "without jurisdiction to grant this motion as this matter is subject to an appeal as evidenced by a Notice of Appeal filed in this [c]ourt August 18, 2015" and that "[i]n any event, the transcript of the proceedings subject to this appeal are [sic] being prepared by the Court Reporter[.]"

On January 25, 2016, Cook filed a motion for belated appeal and certiorari to complete the record and tendered a partial record. In his motion for belated appeal, Cook contends that the circuit clerk erred by not file-marking his Rule 37.1 petition, which prevented this court's clerk from lodging the record for his appeal.[1] He also asks that the "errors in the record be corrected[.]" Specifically, he asks that his Rule 37.1 petition be file-marked as of July 27, 2015, which was the date his petition to proceed in forma pauperis was file-marked,[2] so he may lodge a complete record with this court. As the notice of appeal was timely with respect to the order denying Rule 37.1 relief, the motion for belated appeal is properly treated as a motion for rule on clerk to perfect the appeal pursuant to Arkansas Supreme Court Rule 2-2(b) (2015) rather than as a motion for belated appeal. *See Wilmoth v. State*, 2010 Ark. 315 (per curiam).

Proper consideration cannot be given to Cook's motion without a file-marked copy of the Rule 37.1 petition. A trial court cannot grant relief on an untimely Rule 37.1 petition; thus, a circuit clerk "may not decline to file, or delay the filing of, a Rule 37.1

---

[1]On October 22, 2015, Cook attempted to timely tender the partial record in this court. *See* Ark. R. App. P. –Crim. 4(b) (2015). However, because the record did not contain a file-marked copy of the Rule 37.1 petition, the clerk of this court declined to lodge the record.

[2]The petition to proceed in forma pauperis was file-marked on July 8, 2015.

SLIP OPINION

petition while awaiting the trial court's decision of whether to grant or deny a motion for leave to proceed *in forma pauperis* in the matter, a motion for appointment of counsel or for any other reason." *Meraz v. Crow*, 2009 Ark. 369, at 2 (per curiam). The filing of a petition for postconviction relief with the circuit clerk is critical in that the date of filing such a petition determines whether the trial court has jurisdiction to consider the petition on the merits. *Benton v. State*, 325 Ark. 246, 248, 925 S.W.2d 401, 402 (1996) (per curiam). Cook's petition for Rule 37.1 relief bears no file-mark or notation evincing its date of tender, and this court cannot presume its filing date from the tendered record. *See Meraz v. State*, 2010 Ark. 121, at 4 (per curiam) (noting that this court cannot find that the postconviction petition should have been filed was supported by the record if there was no evidence of a timely tender to the circuit clerk).

It is well settled that all litigants, including those who proceed pro se, must bear the responsibility of conforming to the rules of procedure. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam). While a petitioner, particularly if he or she is incarcerated, may bear certain burdens that challenge his or her ability to abide by procedural rules, the fact remains that "this court cannot assume jurisdiction of a matter without an adequate record." *Bannister v. State*, 2013 Ark. 412, at 2 (per curiam). Without a certified record, we are left to rely on a petitioner's statements and copies of documents that may or may not be true or accurate copies of the material filed in the trial court as a foundation for assuming jurisdiction. *Id*.; *see Young v. State*, 2009 Ark. 608 (per curiam). We have consistently held that, "without a certified record to establish jurisdiction, a motion for belated appeal cannot be acted on by this court." *Bannister*, 2013 Ark. 412, at 2.

Because proper consideration cannot be given to Cook's motion without a file-marked copy of the Rule 37.1 petition, we remand the matter to the trial court with direction that the Pope County Circuit Clerk determine the correct file-mark date for Cook's Rule 37.1 petition. *See generally Halfacre v. Kelley*, 2016 Ark. 71 (per curiam); *Penn v. Gallagher*, 2015 Ark. 354 (per curiam). Upon the filing of the Rule 37.1 petition, the trial court should determine whether it has jurisdiction of the matter and can reach the merits of the petition for Rule 37.1 relief and issue an order accordingly ruling on and disposing of the Rule 37.1—an order from which Cook may or may not subsequently seek to perfect an appeal.

Remanded with directions.