SLIP OPINION

Cite as 2016 Ark. 171

# SUPREME COURT OF ARKANSAS.

No. CV-15-958

| | |
|---|---|
| KENNY HALFACRE<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered April 14, 2016<br><br>PRO SE APPEAL FROM DENIAL OF<br>PETITION TO PROCEED IN FORMA<br>PAUPERIS<br>[LINCOLN COUNTY, NO. _____]<br><br>HONORABLE JODIE RAINES<br>DENNIS, JUDGE<br><br><u>SHOW CAUSE ORDER ISSUED.</u> |

## PER CURIAM

On September 25, 2015, appellant, Kenny Halfacre tendered an appeal record to the clerk of this court, which was rejected because it lacked a file-marked copy of the order denying Halfacre's application for in-forma-pauperis status, from which Halfacre had appealed. Because the circuit court had denied Halfacre's in-forma-pauperis petition, the Lincoln County circuit clerk would not assign a docket number or file mark the relevant pleadings until Halfacre paid the assessed fees. Instead of paying, Halfacre appealed. However, the record could not be lodged because the orders had not been properly file marked. Halfacre then filed a motion for rule on the clerk.

On February 18, 2016, this court entered a per curiam order granting Halfacre's motion for rule on clerk, we remanded the record back to the circuit court with directions to submit, within ten days, all relevant pleadings properly file marked and certified by the circuit clerk. *Halfacre v. Kelley*, 2016 Ark. 71. This included a file marked, certified copy

of the circuit court's order denying Halfacre's indigency petition, the petition or affidavit of indigency, and Halfacre's petition for a writ of habeas corpus. *Id.*

In our previous order, this court explained that remanding the record was necessary because, pursuant to Arkansas Rule of Civil Procedure 58 (2015), an order or decree is only effective if it is entered in accordance with Administrative Order No. 2 (b) (2) (2015). Administrative Order No. 2 states in pertinent part that the clerk shall denote the date and time an order is filed by stamping it with the word "filed." *See Mitchell v. Post-Prison Transfer Board*, 2015 Ark. 140, at 3; *see also Penn v. Gallagher*, 2015 Ark. 354; *Penn v. Gallagher*, 2015 Ark. 472. Thus, our directions were clear—the circuit clerk must submit documents stamped with the word "filed."

On February 22, 2016, the circuit clerk, Cindy Glover, returned the record to this court. The relevant documents were certified, but the documents were stamped "received," rather than "filed." Consequently, this court's clerk could not lodge this tendered record because, again, the documents were not stamped in accordance with proper procedure pursuant to Administrative Order No. 2(b)(2). On March 28, 2016, the circuit clerk forwarded a second certified record to this court that contained the same documents submitted in February, bearing the same stamp of "received." No circuit court docket number had been assigned to Halfacre's pending action.

In our order of February 18, 2016, we made clear that a circuit court is charged with filing its orders so that an appeal can be taken if a party so desires. *Penn v. Gallagher*, 2015 Ark. 472, at 4 (per curiam). We also explained that a circuit court may not prevent an appeal from an adverse decision by implementing procedures that prevent indigent

petitioners for filing timely appeals. *White v. State*, 373 Ark. 415, 418, 284 S.W.3d 64, 66 (2008) (per curiam).

Because the records submitted by the circuit clerk did not comply with this court's unambiguous direction to provide a record that was file marked in accordance with Administrative Order 2 (b) (2), Cindy Glover, Circuit Clerk of Lincoln County is directed to appear before this court at 9:00 a.m. on Thursday, May 5th and show cause why she should not be held in contempt for failing to comply with this court's order of February 18, 2016.

Show cause order issued.