SLIP OPINION

Cite as 2016 Ark. 429

# SUPREME COURT OF ARKANSAS.
**No.** CR–16–794

| | |
|---|---|
| LOUIS EDWARD RICHARD<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** December 1, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[HOWARD COUNTY CIRCUIT COURT, NO. 31CR-13-132]<br><br>HONORABLE TOM COOPER, JUDGE<br><br><u>MOTION DENIED</u>. |

## PER CURIAM

In 2014, petitioner Louis Edward Richard was found guilty by a jury of two counts of forgery in the second degree. An aggregate sentence of 600 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Richard v. State*, 2015 Ark. App. 428. On September 16, 2015, Richard filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rules of Criminal Procedure 37.1 (2015). He subsequently filed an amended petition and a motion for appointment of counsel. On October 30, 2015, the trial court denied Richard's petition.[1] Richard lodged an appeal in this court from the order.

The appellee State filed a motion to dismiss or remand the matter, contending that the order entered by the trial court was entered in error and that a subsequent order entered

---

[1]The October 30, 2015 order denying relief refers to a "hearing [on October 27, 2015] on the petition for relief under Rule 37 filed by the Defendant, Louis Richard."

SLIP OPINION

November 19, 2015, noted that the October order "was meant only to deny the appellant's request for counsel for the Rule 37 proceedings and that a hearing was scheduled on the petition for December 9, 2015." The State correctly noted in its motion that the trial court had lost jurisdiction to act in the matter, as Richard had filed a notice of appeal and the record was lodged in this court. The State also pointed out that the trial court's October order did not contain written findings in its denial of Rule 37.1 relief. On those bases, the State requested "either a dismissal of this appeal or a remand to the circuit court so that the Rule 37 proceedings can resume as intended by the circuit court[.]" We granted the State's motion in part and remanded the matter to the trial court on February 11, 2016, for further proceedings.

On remand, the trial court held a hearing on the petition, and, on March 23, 2016, it entered a second order that denied relief under the Rule. Richard did not file a notice of appeal from the order until May 25, 2016. When the record was tendered to this court, our clerk declined to lodge the appeal because the notice of appeal was not timely filed. Now before us is Richard's pro se motion to proceed with a belated appeal of the order. Because we find that Richard has not stated good cause for the late filing of the notice of appeal, the motion is denied.

Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2015), Richard was required to file a notice of appeal within thirty days of the date of the entry of the March 23, 2016 order denying his petition for postconviction relief. *Dennis v. State*, 2016 Ark. 44, at 2, 481 S.W.3d 432, 433 (per curiam), *reh'g denied* (Mar. 10, 2016). He alleges that he tendered a notice of appeal to the circuit clerk on March 13, 2016, because the trial court

indicated after the hearing on the petition that it would be denied. If a notice of appeal had been received before the order was entered of record on March 23, 2016, it would have been timely because, under Arkansas Rule of Appellate Procedure—Criminal 2(b)(2), a notice of appeal that is filed prior to entry of the order from which the appeal will be taken "shall be treated as filed on the day after" the order has been entered. *See Waters v. State*, 2009 Ark. 530, at 1–2 (per curiam). Richard also alleges that he submitted two more "affidavits of appeal" to the clerk in the month of April and two more such affidavits in the month of May. Richard, however, has provided no proof that he tendered the affidavits or any other indication of his desire to appeal from the order to the clerk before the order was entered or after it was entered. There are no such notices in the record tendered with his motion for belated appeal. The only notice of appeal that appears in the record is the untimely notice filed on May 25, 2016, which was sixty-two days after the court had entered its order on March 23, 2016.

Richard argues that the circuit clerk was entirely responsible for filing his notices of appeal and perfecting the appeal. He is in error. This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Purifoy v. State*, 2015 Ark. 353, at 1–2 (per curiam); *Butler v. State*, 2015 Ark. 173, at 3 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Belts v. State*, 2013 Ark. 72 (per curiam). Compliance with the rules of this court is required

SLIP OPINION

so that appeals will proceed as expeditiously as possible. *Nutt v. State*, 2015 Ark. 103, at 3 (per curiam).

Because Richard's motion for belated appeal is founded on the claim that he timely filed several notices of his intent to appeal, which do not appear in the record, and the claim is not documented by him in any fashion, he has not established good cause for not timely filing his notice of appeal. We have held that the litigant who claims to have mailed an item has the burden of proving that he mailed it and that it reached the circuit clerk by the date it was due to be filed. *See Leavy v. Norris*, 324 Ark. 346, 920 S.W.2d 842 (1996). The bare allegation that a notice of appeal was mailed is not, in and of itself, good cause to grant a belated appeal. *Skaggs v. State*, 287 Ark. 259, 697 S.W.2d 913 (1985) (noting that if the allegation that a notice was mailed were sufficient, there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a simple claim that the petitioner's failure to comply with the rules was caused by the post office).

Motion denied.