SLIP OPINION

Cite as 2017 Ark. 3

# SUPREME COURT OF ARKANSAS

**No.** CV-15-958

KENNY HALFACRE

APPELLANT

V.

WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION

APPELLEE

**Opinion Delivered:** January 12, 2017

SPECIAL MASTER'S FINDINGS ADOPTED; ADMONISHMENT ISSUED; ORDER TO SHOW CAUSE DISMISSED.

**PER CURIAM**

On February 18, 2016, this court granted appellant Kenny Halfacre's motion for rule on clerk in connection with his appeal from an order denying a petition to proceed in forma pauperis in the Lincoln County Circuit Court. *Halfacre v. Kelley*, 2016 Ark. 71 (per curiam). We also directed that the record be supplemented, within ten days, with a certified file-marked copy of the order denying the in-forma-pauperis petition as well as certified file-marked copies of any pleadings relevant to a determination of the appeal, including Halfacre's petition for a writ of habeas corpus. *See id.*

The Lincoln County Circuit Clerk, Cindy Glover, subsequently returned the record to this court, with the relevant documents stamped "received" rather than "filed." On April 14, 2016, this court ordered Ms. Glover to appear and show cause why she should not be held in contempt for failing to comply with our February 18, 2016 order directing her to provide a record that was file-marked in accordance with Administrative Order No.

2(b)(2) (2015). *Halfacre v. Kelley*, 2016 Ark. 171 (per curiam). Ms. Glover appeared as ordered on May 5, 2016, and entered a plea of not guilty. On June 2, 2016, we appointed the Honorable John Mauzy Pittman as special master to conduct a hearing, make findings of fact, and file his findings with this court's clerk. *Halfacre v. Kelley*, 2016 Ark. 237 (per curiam). The special master held a hearing on June 27, 2016, and filed his findings with this court on July 5, 2016.

We now adopt the special master's findings. In particular, we note his finding that the Lincoln County Circuit Court once had a long-standing practice of labeling inmate pleadings as "received" when in-forma-pauperis status had been denied and the filing fee had not been paid. We also note his finding that the clerk's office employee who resubmitted the record in this case simply failed to understand our February 18, 2016 order, as she had long been accustomed to handling inmate cases as described. Finally, we note his finding that Ms. Glover has instituted new policies to prevent a recurrence, including submitting all orders and other correspondence from this court to the county attorney for review, and has assured that every document submitted in transcript form to this court will now be marked "filed" in compliance with Administrative Order No. 2(b)(2).

On review of these findings, we adopt the special master's conclusion that there was no willful violation of this court's order by Ms. Glover and recognize that Ms. Glover has accepted responsibility and that she acknowledges that an admonishment would be appropriate. Therefore, we admonish Ms. Glover and we dismiss the order to show cause. We thank the special master for his service in this matter.



Special master's findings adopted; admonishment issued; order to show cause dismissed.