Roy Lee BOLES *v.* Mike HUCKABEE

98-1056                                    12 S.W.3d 201

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Darnisa Evans Johnson,* Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. Roy Lee Boles is appealing the trial court's denial of his petition to proceed *in forma pauperis* in a declaratory-judgment action. The trial court denied the petition pursuant to Rule 72 of the Arkansas Rules of Civil Procedure, which conditions the right to proceed *in forma pauperis* on, among other things, the trial court's satisfaction that the alleged facts indicate a colorable cause of action. Boles now contends that the trial

court erroneously concluded that his petition for declaratory judgment failed to state a colorable claim.

Boles is incarcerated in the Arkansas Department of Correction pursuant to convictions in two drug-related cases. The first conviction occurred in 1993, when he was convicted of possession of a controlled substance with intent to deliver. He was sentenced to twenty years' imprisonment. The second conviction occurred in 1995, when Boles pleaded guilty to a series of offenses including possession of a controlled substance, possession of drug paraphernalia, and maintaining a drug premises. He received an aggregate term of twenty-five years' imprisonment for those offenses, and he was ordered to serve that term concurrently with twenty-year sentence he received in 1993.

According to Boles's petition for declaratory relief, the Arkansas Department of Correction erroneously applied Ark. Code Ann. § 16-93-607(c)(5) (1987) to his 1993 conviction to compute his parole eligibility for *both* sentences. Pursuant to that statute, the Department of Correction classified Boles as a fourth offender, and as such, he is only able to obtain an early release from prison through good-time allowances. Boles alleged that under that formula, he would not be eligible for early release until after he served approximately ten years.

Boles's petition for declaratory relief further contended that his parole eligibility should have been calculated according to the law that was in effect at the time he was sentenced in 1995. He argued, in essence, that if the law in effect in 1995 were applied to the calculation of his parole eligibility, he would be eligible for early release after serving only four and one-half years. Boles also contended that the Department of Correction's failure to compute his parole eligibility in this manner violated his constitutional rights to due process and equal protection under the law, and also, that it constituted cruel and unusual punishment.

Boles's petition for declaratory relief, in essence, calls for the retroactive application of a more favorable parole-eligibility law to the sentence he received in 1993. He argues that the 1995 conviction, and the parole-eligibility laws that existed at that time, should control his eligibility for parole for *both* sentences.

■ This court has previously held, however, that parole eligibility is determined by the law in effect at the time the crime is committed. *Woods v. Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987). Consequently, the law prevailing at the time of *each* conviction would apply to the sentences that Boles received. According to Boles's calculations, when 16-93-607(c)(5) is applied to the sentence that he received in 1993, his release date would arrive no earlier than ten years. Likewise, when 16-93-206 is applied to the twenty-five-year sentence he received in 1995, he calculates that his release date could arrive as early as four and one-half years into that sentence.

The fact that Boles is serving both sentences concurrently, or simultaneously, leads to the illusion that only one of the parole-eligibility laws is being used to calculate his release date. If the Department of Correction has informed Boles that he would not be eligible for release until after he has served ten years, rather than four and one-half, it is merely because it is the longer of the two sentences that were ordered to be served concurrently.

■■ A colorable cause of action is "a claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension of modification of current law)." *Black's Law Dictionary*, 240 (7th ed. 1999). As we explained, Boles's claim that his 1995 conviction should control his parole eligibility is not consistent with the law, nor does it call for a reasonable modification of the law. Accordingly, it was proper for the trial court to conclude that this claim was not "colorable."

■ Boles's petition also alleged that when officials in the Department of Correction determined that he was a fourth offender, they improperly used prior felonies that were classified as "C" and "D," rather than the "A," "B," and "Y" felonies specified by Ark. Code Ann. § 16-93-607 (1987). Boles's petition failed to include, however, any factual allegation that set forth the number and classification of any of his prior felonies. Consequently, Boles did not allege sufficient facts to support his allegation that the Department of Correction improperly calculated his fourth offender status.

Affirmed.