SLIP OPINION

Cite as 2014 Ark. 338

# SUPREME COURT OF ARKANSAS

No. CV-14-439

| | |
|---|---|
| | **Opinion Delivered** July 31, 2014 |
| OSCAR W. STANLEY<br>PETITIONER | PRO SE MOTION TO PROCEED IN FORMA PAUPERIS<br>[SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CV-14-36] |
| V. | |
| DENORA COOMER, CIRCUIT CLERK OF SEBASTIAN COUNTY, FORT SMITH DISTRICT<br>RESPONDENT | HONORABLE STEPHEN TABOR, CIRCUIT JUDGE |
| | MOTION DENIED. |

## PER CURIAM

On January 16, 2014, petitioner Oscar W. Stanley filed a petition in the Sebastian County Circuit Court, Fort Smith District, seeking to proceed in forma pauperis. He said in the petition that he wished to proceed as an indigent with a petition for declaratory judgment in a civil matter and that the respondent was Ray Hobbs, the Director of the Arkansas Department of Correction. The circuit court denied the petition on the ground that the proposed pleading did not state a colorable cause of action. Petitioner timely filed a notice of appeal from the order and tendered the record on appeal to this court. Now before us is petitioner's pro se petition seeking leave to lodge the appeal without paying the filing fee required to lodge an appeal in a civil matter.

The record tendered to this court contains only the petition to proceed in forma pauperis filed in the circuit court, the order denying the petition, and the notice of appeal. Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil

SLIP OPINION

matters upon, among other things, the court's satisfaction that the alleged facts indicate a colorable cause of action. *Brown v. Sachar*, 2013 Ark. 319 (per curiam); *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Brown*, 2013 Ark. 319. As grounds for his request to proceed without paying a filing fee, petitioner states the following:

> The sentencing phase record of the case cause (Sebastian Co.–Arkansas) Circuit Court (No. CR-12-321) is so dispositive of the fact that the terms of the plea agreement as stated by court and entered into by this afficant [sic] petitioner has not and is still not being met per the "judgment & commitment order" supplied to the Ark. Dept. of Correction–by the (Sebastian Co.–Ark.–circuit court clerk) failure to adhere to the plea agreement is grounds to void the plea!

Based on petitioner's statement, we cannot say that petitioner has established a colorable cause of action that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Where no fundamental right is involved, filing fees do not violate due process. *Brown*, 2013 Ark. 319 (citing *Partin v. Bar of Ark.*, 320 Ark. 37, 894 S.W.2d 906 (1995)). Petitioner has not demonstrated that he should be allowed to proceed without paying a fee to lodge an appeal.

In his motion, petitioner also contends that he is entitled to proceed in forma pauperis because he is unable to pay the costs associated with the proceeding and the petition is not being brought for a frivolous or malicious purpose. The statement also does not constitute a showing of a colorable cause of action.

If petitioner desires to proceed with an appeal from the order that denied his motion to proceed in forma pauperis, he is responsible for remitting the required filing fee at his expense

within thirty days of the date of this opinion.  *See Brown*, 2013 Ark. 319; *see also Young v. Black*, 366 Ark. 198, 234 S.W.3d 284 (2006) (per curiam).

Motion denied.

*Oscar W. Stanley*, pro se petitioner.

No response.