

# SUPREME COURT OF ARKANSAS

**No.** CV-16-113

| | |
|---|---|
| THERESA MARSHALL<br><br>APPELLANT<br><br>V.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.<br><br>APPELLEE | **Opinion Delivered:** March 3, 2016<br><br>PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br><br><br>PETITION DENIED WITHOUT PREJUDICE. |

## PER CURIAM

On February 4, 2016, appellant Theresa Marshall, pro se, lodged a partial record with our clerk and filed a petition for leave to proceed in forma pauperis in her appeal. She also submitted an affidavit to support her assertion of indigency. We deny the petition without prejudice for two reasons.

First, the affidavit of indigency is incomplete. In a response, Marshall indicated that she was employed. However, in answering the question regarding the amount of her salary or the wages that she receives per month, she responded only that she earned $12 per hour. In addition, Marshall acknowledged that she has received money in the form of either pensions, annuities, or life-insurance payments, but she neglected to answer the question asking her to describe the source of the money and the amount she has received during the past twelve months. Without complete answers to these questions, this court is not able to determine whether she is indigent.

SLIP OPINION

Second, her petition is not complete. Rule 72(c) of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil matters upon, among other things, the court's satisfaction that the alleged facts indicate a colorable cause of action. *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Brown v. Sachar*, 2013 Ark. 319 (per curiam). Marshall has not demonstrated such a claim here. We note that, where no fundamental right is involved, filing fees do not violate due process. *Stanley v. Coomer*, 2014 Ark. 338, 439 S.W.3d 54 (per curiam); *Partin v. Bar of Ark.*, 320 Ark. 37, 894 S.W.2d 906 (1995).

Based on these deficiencies, we must deny Marshall's petition without prejudice.

Petition denied without prejudice.