SLIP OPINION

Cite as 2016 Ark. 285

# SUPREME COURT OF ARKANSAS

No. CV–16–472

| | |
|---|---|
| REGINALD L. DUNAHUE | **Opinion Delivered** June 23, 2016 |
| PETITIONER | |
| V. | PETITION FOR INTERVENTION AND COURT ORDER TO COMPLY TREATED AS MOTION FOR RULE ON CLERK |
| HON. JODI RAINES DENNIS, CIRCUIT JUDGE, AND CINDY GLOVER, CIRCUIT CLERK OF LINCOLN COUNTY | |
| RESPONDENTS | SPECIAL MASTER APPOINTED. |

## PER CURIAM

Reginald L. Dunahue is an inmate of the Arkansas Department of Correction by virtue of a conviction in 2008 for aggravated robbery. He was sentenced as a habitual offender to 600 months' imprisonment. On May 24, 2016, he tendered a pro se pleading to this court asking us to intervene and to direct Circuit Judge Jodi Raines Dennis and Lincoln County Circuit Clerk Cindy Glover to permit him to file his pro se petitions for writs of habeas corpus and petitions for writs of mandamus. Neither Judge Dennis nor Clerk Glover has filed a responsive pleading. We treat his pleadings as a motion for rule on clerk and appoint a special master.

Dunahue contends that he has the recurring problem of submitting "numerous" petitions to the Lincoln County Circuit Clerk that are not filed. He explains that because he has not been granted indigent status, he is ordered to submit at least a partial filing fee



that he cannot afford. As his pleadings and the accompanying orders are not filed, Dunahue is prevented from appealing them.

In support of his allegations, Dunahue has appended to his petition an order signed by Judge Dennis. The March 8, 2016 order is not file-marked and does not contain a docket number in the matter of "*Reginald Dunahue v. ADC Director-Wendy Kelley*," which Dunahue states was a petition for writ of habeas corpus. The order finds that Dunahue not indigent and thus invokes Act 340 of 1997, codified at Arkansas Code Annotated sections 16-68-601 et seq. (Repl. 2005). The order sets an initial partial filing-fee amount and further states that the "clerk is authorized to destroy the pleadings sent by the plaintiff" if the partial fee is not tendered within sixty days. Dunahue also appended a typewritten note from the clerk that states she does not have a specific time to shred documents and that she waits at least four to six months to give the person time to pay the filing fee.

This court has addressed the question of when a petitioner may proceed in forma pauperis in a civil matter. The issue is preliminarily governed by Arkansas Rule of Civil Procedure 72 (2015). The Rule conditions the right to proceed in forma pauperis in civil matters upon indigency and, among other things, the court's satisfaction that the alleged facts indicate a colorable cause of action. *Id*. In the order Dunahue appended, there is a finding that he is not indigent without reference to whether there was a colorable cause of action. Regardless of the reason for denying the petition, we have been clear that there is a duty to file-mark the petition and to enter an order to create a proper record. *Penn v. Gallagher*, 2015 Ark. 472, at 4 (per curiam); *see also Penn v. Gallagher*, 2015 Ark. 354 (per curiam).

SLIP OPINION

Act 340 provides that the court shall enter an order for partial payment of filing fees for incarcerated persons who are not indigent and thus do not qualify for relief under Rule 72. Ark. Code Ann. § 16-68-601 et seq. Moreover, the Act specifically provides that when an incarcerated person "*file*s a civil action," and the court determines that the person has the ability to pay, that the court shall order a partial payment "as a condition of the commencement or *further* prosecution of the action." Ark. Code Ann. § 16-68-606(a)(emphasis added).

Until an order denying petitioner's indigent status is filed in the circuit court, there is no effective order from which petitioner may appeal the court's decision. Pursuant to Arkansas Rule of Civil Procedure 58 (2014), "[a] judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2." Administrative Order No. 2(b)(2) (2015) provides that "[t]he clerk *shall* denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.'" (Emphasis added.) This court has held that a circuit court may not prevent an appeal from an adverse decision by implementing procedures that prevent petitioners from filing timely appeals. *See White v. State*, 373 Ark. 415, 418, 284 S.W.3d 64, 66 (2008) (per curiam).

There are a number of inmates housed within the jurisdiction of the Lincoln County Circuit Court. Those prisoners frequently tender petitions for writs of habeas corpus and other civil actions to the Lincoln County Circuit Clerk. This court is concerned that the problem Dunahue encountered in the current matter is systemwide. This is not the first

occasion in which this court has had to order Clerk Glover to file pleadings by an inmate. *Halfacre v. Kelley*, 2016 Ark. 71 (per curiam).

Typically, this court would do as it did in *Halfacre* and order the clerk to file the pleadings. However, to further complicate the present matter, it appears that subsequent pleadings have been filed in Dunahue's underlying civil case. It also appears that after Dunahue sought relief from this court, Judge Dennis modified the original order with a different result, and Clerk Glover filed Dunahue's pleadings and the amended order. However, the pleadings and orders have incongruent filing dates, as well as having some language added and some language removed. There is an obvious danger if orders are not filed on the correct date as time for appeal begins to run from the filing date.

As we do not have a certified record, we are unable to determine what has precisely occurred and whether Dunahue's motion is now moot. Even if the motion is moot, he has alleged that there is a custom or practice in Lincoln County. That raises the question of whether the practice would be capable of repetition yet continue to evade review, which is an exception to the mootness doctrine. *See Terry v. White*, 374 Ark. 387, 288 S.W.3d 199 (2008). We must ensure there is not a system in place that prevents appeals from denial of petitions for in forma pauperis status. We cannot expect every inmate to be as tenacious as Dunahue is in obtaining relief.

Therefore, we appoint the Honorable John Mauzy Pittman as special master to ascertain the practice of handling these types of matters in Lincoln County, what specifically occurred in this case, the current status of Dunahue's petition in Lincoln County, whether subsequent orders and prior pleadings were marked filed on dates different than when


presented by Dunahue and entered by the court, and whether his pleading before us, while moot, could be capable of repetition in the future under the practices in Lincoln County.