Cite as 2016 Ark. 426

# SUPREME COURT OF ARKANSAS

No. CV–16–472

| | |
|---|---|
| REGINALD L. DUNAHUE | **Opinion Delivered:** December 1, 2016 |
| PETITIONER | PETITION FOR INTERVENTION AND COURT ORDER TO COMPLY TREATED AS MOTION FOR WRIT OF MANDAMUS |
| V. | |
| HON. JODI RAINES DENNIS, CIRCUIT JUDGE, AND CINDY GLOVER, CIRCUIT CLERK OF LINCOLN COUNTY | |
| RESPONDENTS | PETITION GRANTED IN PART AND DISMISSED AS MOOT IN PART; SPECIAL MASTER'S RECOMMENDATION ADOPTED. |

**PER CURIAM**

Reginald L. Dunahue is an inmate of the Arkansas Department of Correction as a result of a 2008 conviction for aggravated robbery. He was sentenced as a habitual offender to 600 months' imprisonment. On May 24, 2016, he tendered a pro se pleading to this court asking us to intervene and to direct Circuit Judge Jodi Raines Dennis and Lincoln County Circuit Clerk Cindy Glover to permit him to file his pro se petitions for writs of habeas corpus and petitions for writs of mandamus and for them to act on his petitions. We treat his motion for intervention as a writ of mandamus and order Circuit Judge Dennis to set a hearing on his writ of habeus corpus in Case No. 40CV-16-44. The remaining relief requested is moot.

Dunahue's motion alerted us to a serious issue where inmates' pleadings are not always filed and, without a filed pleading, the inmates are prevented from appealing any

adverse decisions. This court became concerned that this practice has been used statewide. We addressed these concerns in *Dunahue v. Dennis*, 2016 Ark. 285 (per curiam) and appointed the Honorable John Mauzy Pittman as special master to ascertain the practice of handling these types of matters in Lincoln County, what specifically occurred in this case, the current status of Dunahue's petition in Lincoln County, whether subsequent orders and prior pleadings were marked filed on dates different than when presented by Dunahue and entered by the court, and whether his pleading before us, while moot, could be capable of repetition in the future under the practices in Lincoln County or in other counties.

The special master requested that Phillip C. Green, Lincoln County Attorney, and Assistant Attorney General Colin Jorgensen assist him in the investigation. This court appreciates the Honorable John Mauzy Pittmen, Phillip C. Green, and Colin Jorgensen for their work on this matter. We find that, in regard to the handling of these inmates' filings, the newly adopted policy regarding inmate civil-case filings, as set out in Exhibit G to the special master's report, adequately addresses the concerns raised by Dunahue and this court with one exception. The policy states that the certified record is submitted to the Criminal Justice Coordinator, when in fact, all certified records shall be submitted to the Clerk of the Supreme Court. This change must be made to their policy.

To the extent that Dunahue's motion requests this court to order Circuit Clerk Glover and Circuit Judge Dennis to file his pleadings, that has been accomplished and is moot. Dunahue also requested this court to order Judge Dennis to set a hearing on his outstanding writs of mandamus and writs of habeus corpus. Judge Dennis has entered an order in the writ of mandamus, so that issue also is moot. Dunahue's writ of habeus corpus,

SLIP OPINION

which has now been filed in Lincoln County as Case No. 40CV–16–44, has been outstanding since February 2016. In respect to this portion of his petition, the court treats his motion for intervention as a motion for writ of mandamus and grants the motion and orders Circuit Judge Dennis to act on the writ of habeus corpus in Case No. 40CV–16–44.

This court adopts the recommendation by the special master that all circuit clerks in the state should receive training on compliance with the law in regard to civil filings of inmates. The court instructs its Criminal Justice Coordinator to develop a plan to implement such training.

Petition granted in part and dismissed as moot in part; special master's recommendation adopted.