

# SUPREME COURT OF ARKANSAS

**No.** CV–16–387

| | |
|---|---|
| ALLEN LYNN PENN<br><div align=right>APPELLANT</div><br>V.<br><br>RICHARD GALLAGHER, ASSISTANT DIRECTOR, AND KERMIT B. CHANNELL, EXECUTIVE DIRECTOR, ARKANSAS STATE CRIME LABORATORY<br><div align=right>APPELLEES</div> | **Opinion Delivered** January 19, 2017<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60OT-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>REMANDED FOR SUPPLEMENTAL RECORD</u>. |

## PER CURIAM

This is a pro se appeal of an order denying appellant Allen Lynn Penn's petition for leave to proceed in forma pauperis in a civil matter, which concerns the filing of a petition for writ of mandamus in which Penn sought the release of documents from his criminal case file. The matter has been fully briefed,[1] but we determine that the matter must be remanded so that the circuit clerk may correct and supplement the record in accord with our holding in *Dunahue v. Raines*, 2016 Ark. 426, ___ S.W.3d ___ (per curiam) (*Dunahue II*).

The order denying Penn's pro se petition to proceed as a pauper is file marked, as is the notice of appeal. The petition for leave to proceed in forma pauperis and other

---

[1] After the appellees filed their original brief, this court granted a motion for substitution of brief, and, in the same syllabus entry on September 8, 2016, we also granted Penn's motion requesting permission to file a substituted reply to the new appellees' brief. Penn asserts that the appellees' substituted brief was late, but, because the due date fell on a Saturday, the tender of the brief on the following Monday was timely.

SLIP OPINION

documents that were included by the clerk as attachments to the order, including the mandamus petition with which Penn sought to commence a civil action, are, however, not file marked. The certification by the clerk indicates that the documents are true copies of those submitted by Penn and that a miscellaneous case number that is not specific to the matter was assigned.

This court previously indicated that, regardless of the reason for denying it, a petition for leave to proceed in forma pauperis must be file marked. *Dunahue v. Dennis*, 2016 Ark. 285 (per curiam) (*Dunahue I*). This court has remanded to correct and supplement the record in cases where the circuit clerk did not file-mark tendered petitions, including an in forma pauperis petition and its underlying habeas petition, that were necessary for review. *See Halfacre v. Kelley*, 2016 Ark. 71 (per curiam).

In *Dunahue I*, this court noted a serious issue concerning a statewide practice where inmates' pleadings were not always filed, which prevented the inmates from appealing any adverse decisions. In *Dunahue II*, we adopted the findings of the special master, with one change, regarding the need for all circuit clerks to adopt and implement policy changes to address this concern. The new policy regarding inmate civil–case filings as described in the special master's report and adopted by the Lincoln County Circuit Court in response to *Dunahue II* was as follows:

> 1. Upon receipt of an inmate's complaint/petition initiating a civil case but not accompanied by payment of the requisite filing fee, the Clerk shall confirm that the pleadings are accompanied by the proper completed documents: Cover Sheet,

Complaint/Petition, Petition to proceed In Forma Pauperis, Affidavit in Support of Petition to Proceed In Forma Pauperis, and a 'Calculation of Initial Payment of Filing Fee' form completed and signed by the designated Department of Correction official. If any form is incomplete or omitted, the Clerk shall return the complaint/petition with a 'Notice of Incomplete Filing' to the inmate indicating what documents must be completed and/or included.

2. Upon receipt of a Complaint/Petition accompanied by the proper completed documents (set forth in paragraph 1 above), the Clerk shall file the documents, assign them a Circuit Court case number, and submit the documents to the Circuit Judge of the Fifth Division of Circuit Court for a ruling on the petition to proceed informa pauperis.

3. If the Circuit Court sets a partial or full filing fee, a copy of the Court's order shall be sent to the inmate by the clerk. No action shall commence on the Petition/Complaint until the filing fee is paid.

4. Upon payment of the required filing fee, the Clerk shall notify the Circuit Court of its receipt.

5. If the inmate appeals the Court's denial of the motion to proceed informa pauperis, the Clerk shall submit a certified copy of the record to the [Clerk of the Supreme Court].[2]

6. When a civil case initiated by an inmate (through payment of a filing fee or grant of informa pauperis status) is resolved, the Court will issue a Final Order. A file-marked copy of the Final Order shall be mailed to the inmate and any attorney of record by the Clerk.

7. Upon receipt of a notice of appeal of any Final Order in any civil case initiated by an inmate, the Clerk shall confirm whether the file contains a petition and affidavit to proceed informa pauperis. If the file does not contain a petition and affidavit, the costs of preparing the record for appeal shall be calculated, the Clerk shall mail the inmate a notice reflecting the costs, and the Clerk shall advise the inmate that in order to proceed without payment of the costs, the inmate must submit a petition and affidavit to proceed informa pauperis for the appeal. If the file does contain a petition and affidavit, the Clerk shall prepare the record for appeal at no charge to the inmate.

---

[2]This court did correct the original draft in the special master's report so that the certified copies are submitted to the Clerk of the Supreme Court as opposed to the Criminal Justice Coordinator. *Dunahue II*, 2016 Ark. 426, at 2, ___ S.W.3d ___, ___.

This policy addressed our concerns. The Pulaski County Circuit Court must likewise adopt a policy that does not act to prevent appeals of adverse decisions. Penn's original submission of the in forma pauperis petition and mandamus petition should be corrected to reflect filing on the date received by the circuit clerk in order for this court to conduct an appropriate review of the order denying the in forma pauperis petition. Accordingly, we remand for the Pulaski County Circuit Clerk to correct and supplement the record with file-marked documents, filed on the date received by the clerk, and to ensure going forward that the clerk's office has implemented a new policy consistent with our holding in *Dunahue II*. The supplemental record is to be returned within fourteen days of the date of this opinion.

Remanded for supplemental record.

*Allen Lynn Penn*, pro se appellant.

*Doralee Chandler*, General Counsel, for appellees.