SLIP OPINION

Cite as 2017 Ark. 47

# SUPREME COURT OF ARKANSAS.

**No.** CV–16–907

| | |
|---|---|
| KENNETH RAY PITTS <br><br> APPELLANT <br><br> V. <br><br> PATRICK S. DRUMMOND, APN, WILLIAM BENTON, HEALTH SERVICES ADMINISTRATOR, ROY GRIFFINS, DEPUTY DIRECTOR, HEALTH AND CORRECTIONAL PROGRAM, ARKANSAS DEPARTMENT OF CORRECTION <br><br> APPELLEES | **Opinion Delivered** February 16, 2017 <br><br> PRO SE MOTIONS FOR COUNSEL AND TO PROCEED WITHOUT COSTS <br> [PULASKI COUNTY CIRCUIT COURT, NO. 60CV-50-6] <br><br> HONORABLE TIMOTHY DAVIS FOX, JUDGE <br><br> <u>REMANDED FOR SUPPLEMENTAL RECORD</u>. |

## PER CURIAM

Kenneth Ray Pitts submitted to the circuit court a petition for leave to proceed in forma pauperis so that he might initiate an action on a civil "complaint for money damages, preliminary injunction relief and jury trial demand." The trial court entered an order denying the unfiled in forma pauperis petition under a miscellaneous case number used to docket documents not associated with a specific circuit court case number, and Pitts filed a notice of appeal of that order.[1] A record on appeal was lodged in this court, and the certification by the clerk indicates that the documents in the record shown as attachments to the order are true copies of those submitted by Pitts and that no civil action was filed because the order denied the request to proceed as a pauper and no filing fee was received.

---

[1] Pitts appears to have attached a second in forma pauperis petition to the notice of appeal, but no order on this second in forma pauperis petition appears in the record.

SLIP OPINION

Pitts has filed two motions, one for appointment of counsel and the other "to be allowed to proceed without costs in the circuit court." In the motion to proceed without costs, Pitts would have this court declare him to be proceeding as a pauper on appeal and direct the circuit clerk to file the in forma pauperis petition that he submitted to the circuit court. Before we can address Pitts's other requests, we must remand for return of a supplemental record.

This court determines whether a court has subject-matter jurisdiction based on the pleadings. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559. If jurisdiction is not established by the pleadings, the court is not to proceed further. *McKinney v. City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992). Pitts's petition for leave to proceed in forma pauperis must be file marked. *Dunahue v. Dennis*, 2016 Ark. 285 (per curiam) (*Dunahue I*). We have previously directed the Pulaski County Circuit Clerk to adopt a policy that does not act to prevent appeals of adverse decisions regarding inmate civil-case filings in accord with our holding in *Dunahue v. Raines*, 2016 Ark. 426, ___ S.W.3d ___ (per curiam) (*Dunahue II*). Accordingly, we remand to the circuit court for the circuit clerk to correct and supplement the record with pleadings that have been marked in accord with that new policy. *See Halfacre v. Kelley*, 2016 Ark. 71 (per curiam). The supplemental record must be received here no later than fourteen days from the date of this order. Once the supplemental record with the corrected pleadings has been received, we will address the remaining issues that Pitts raises.

Remanded for supplemental record.