
SLIP OPINION

Cite as 2017 Ark. 86

# SUPREME COURT OF ARKANSAS.
No. CV-16-527

| | |
|---|---|
| CLARENCE ASHBY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 9, 2017<br><br>PRO SE APPEAL FROM PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CV-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>REMANDED FOR SUPPLEMENTAL RECORD</u>. |

**PER CURIAM**

Appellant, Clarence Ashby, submitted to the Pulaski County Circuit Court a petition for leave to proceed in forma pauperis so that he might initiate an action seeking "writs of prohibitory petitions" challenging the constitutionality of statutes governing sex offenders. Neither the in forma pauperis petition nor the underlying petition for a writ of prohibition was filed by the circuit clerk.

The circuit court entered an order denying the unfiled in forma pauperis petition under a miscellaneous case number used to docket documents not associated with a specific circuit court case number, and Ashby filed a notice of appeal of that order. The order and notice of appeal were file-marked, and a record on appeal was lodged in this court. The matter has been fully briefed on appeal. While the order does not provide a reason for the denial of in forma pauperis status, the State argues that the circuit court's order should be affirmed because Ashby's underlying petition for a writ of prohibition failed to state a

SLIP OPINION

colorable cause of action.  Before we can address the merits of Ashby's appeal, we must remand for return of a supplemental record.

This court determines whether a court has subject-matter jurisdiction based on the pleadings.  *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559.  If jurisdiction is not established by the pleadings, the court is not to proceed further.  *McKinney v. City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992).

Ashby's petition for leave to proceed in forma pauperis must be properly file-marked. *Dunahue v. Dennis*, 2016 Ark. 285 (per curiam) ("*Dunahue I*").  We have previously directed the Pulaski County Circuit Clerk to adopt a policy that does not act to prevent appeals of adverse decisions regarding inmate civil-case filings in accord with our holding in *Dunahue v. Dennis* 2016 Ark. 426 (per curiam) ("*Dunahue II*").  Accordingly, we remand the matter to the circuit court for the circuit clerk to correct and supplement the record with pleadings that have been file-marked in accord with that policy.  *See Halfacre v. Kelley*, 2016 Ark. 71 (per curiam).  The supplemental record must be received here no later than fourteen days from the date of this order.  Once the supplemental record with the corrected pleadings has been received, we will address the merits of Ashby's appeal.

Remanded for supplemental record.

*Clarence Ashby*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Adam Jackson*, Ass't Att'y Gen., for appellee.