# SUPREME COURT OF ARKANSAS.
No. CV-16-1015

|  |  |
|---|---|
| MATTHEW W. BARNETT<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, ASSISTANT DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; MS. RAMSEY, GRIMES UNIT CLASSIFICATION OFFICER; AND MR. PEARCE, GRIMES UNIT CLASSIFICATION OFFICER<br>APPELLEES | Opinion Delivered April 13, 2017<br><br>PRO SE APPEAL FROM PULASKI COUNTY CIRCUIT COURT<br>[No. 600T-50-6 ]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REMANDED. |

**PER CURIAM**

Appellant Matthew W. Barnett submitted to the Pulaski County Circuit Court a pro se petition for leave to proceed in forma pauperis so that he might initiate an action seeking judicial review of an administrative action taken by the named appellees, employees of the Arkansas Department of Correction, who had denied a grievance filed by Barnett that was related to his application for a work-release program. Barnett also submitted to the circuit court an affidavit of indigency in support of his request to proceed in forma pauperis.

The petition to proceed as a pauper and the underlying pleading were file marked and assigned a miscellaneous case number used to docket documents not associated with a specific circuit court case number. The circuit court denied the in forma pauperis petition without stating the factual basis for the denial. Barnett filed a timely appeal from the denial

of his in forma pauperis petition, and the record on appeal was lodged in this court on November 10, 2016. Barnett filed a timely brief. The State has not filed a responsive brief.

Under Rule 72 of the Arkansas Rules of Civil Procedure (2016), the right to proceed in forma pauperis is based on, among other things, indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. *Dunahue v. Dennis*, 2016 Ark. 285, at 2 (per curiam); *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Dunahue*, 2016 Ark. 285, at 2

Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. Here, the circuit court did not address the validity of Barnett's affidavit of indigency nor did it address whether Barnett's underlying pleading stated a colorable cause of action. Appellate courts do not make findings of fact but rather review findings of fact of the circuit court to determine whether they are clearly erroneous. *Ward v. Williams*, 354 Ark. 168, 177, 118 S.W.3d 513, 518 (2003). Because the circuit court failed to enter an order setting forth the factual basis for denying Barnett's in forma pauperis petition, the matter is remanded for that purpose. The court is directed to file a supplemental order within thirty days and submit that order to this court in compliance with Rule 72. When the remand is returned, a new briefing schedule will be set for the appeal.

Remanded.

*Matthew W. Barnett*, pro se appellant.

One brief only.