# SUPREME COURT OF ARKANSAS.

No. CV–16–907

| | |
|---|---|
| KENNETH RAY PITTS<br><br>APPELLANT<br><br>V.<br><br>PATRICK S. DRUMMOND, APN; WILLIAM BENTON, HEALTH SERVICES ADMINISTRATOR; ROY GRIFFINS, DEPUTY DIRECTOR, HEALTH AND CORRECTIONAL PROGRAM; ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | Opinion Delivered April 20, 2017<br><br>PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL AND TO PROCEED WITHOUT COSTS [PULASKI COUNTY CIRCUIT COURT, NO. 60CV-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>MOTION TO PROCEED WITHOUT COSTS MOOT; MOTION FOR APPOINTMENT OF COUNSEL DENIED IN PART AND GRANTED IN PART; PRO SE BRIEF DUE 30 DAYS FROM THE DATE OF THIS ORDER</u>. |

## PER CURIAM

Kenneth Ray Pitts sought leave in Pulaski County Circuit Court to proceed in forma pauperis on a civil "complaint for money damages, preliminary injunction relief and jury trial demand." The trial court denied Pitts's in forma pauperis petition, and Pitts filed a notice of appeal of that order. A record on appeal was lodged in this court, and when Pitts filed two motions—a motion for appointment of counsel and a motion requesting this court to require the circuit clerk to file-mark the in forma pauperis petition and complaint—we remanded for a supplemental record. *Pitts v. Drummond*, 2017 Ark. 47 (per curiam). The supplemental record has been returned, and we now address the two motions that Pitts filed.

In his motion "to be allowed to proceed without costs in the circuit court," Pitts would have this court declare him to be proceeding as a pauper on appeal and direct the circuit clerk to file the in forma pauperis petition that he submitted to the circuit court. Because Pitts's appeal was lodged and the supplemental record has been returned, that motion is now moot.

In his motion for appointment of counsel, Pitts asserts that he cannot proceed on appeal because he is not a licensed attorney and to do so would be to act fraudulently and illegally, that the conditions of his incarceration limit his ability to comply with the time requirements to file his brief, and that, because either a trial or oral argument is likely to be required in the matter, he requires counsel to assist with the presentation of evidence. Pitts's contention that oral argument or other hearing on the denial of a request to proceed in forma pauperis is likely to be required is unfounded because he provides no reason that the matter may not be easily resolved on the record and the briefs. His claim that he cannot represent himself is also unfounded. Pro se litigants are permitted to represent their own interests. *Pitts v. Hobbs*, 2011 Ark. 138 (per curiam); *see also Preston v. Univ. of Ark. for Med. Scis.*, 354 Ark. 666, 128 S.W.3d 430 (2003); *Ark. Bar Ass'n v. Union Nat'l Bank of Little Rock*, 224 Ark. 48, 51, 273 S.W.2d 408, 410 (1954). Pitts commits no fraud in proceeding pro se if he represents himself, and he has been provided with this court's rule denoting the procedure for filing a pro se brief.

This matter is civil, and there is no right to appointment of counsel in a civil action. *Holloway v. Beebe*, 2013 Ark. 12 (per curiam). Nevertheless, this court has held that if an appellant makes a substantial showing that he or she is entitled to relief and that he or she

cannot proceed without counsel, it will appoint counsel.  *Id*.  Pitts made no more than a conclusory allegation that his appeal has merit, and without a demonstration of merit set forth in the motion, it will be denied.  *Id*.

To the extent, however, that Pitts would request an extension of time in which to file his brief, we grant the request.  Pitts has made no previous request for an extension of time.  His brief is now due thirty days from the date of this order.

Motion to proceed without costs moot; motion for appointment of counsel denied in part and granted in part; pro se brief due 30 days from the date of this per curiam order.