Cite as 2018 Ark. 4

# SUPREME COURT OF ARKANSAS

No. CV-17-495

| | | |
|---|---|---|
| REGINALD DUNAHUE | | **Opinion Delivered** January 4, 2018 |
| | APPELLANT | PRO SE MOTION TO FILE |
| V. | | NONCONFORMING BELATED |
| WENDY KELLEY, DIRECTOR, | | BRIEF [LINCOLN COUNTY |
| ARKANSAS DEPARTMENT OF | | CIRCUIT COURT, NO. 40CV-16-44] |
| CORRECTION | | |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**RHONDA K. WOOD, Associate Justice**

On February 26, 2016, appellant Reginald Dunahue, who is currently incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court. Dunahue filed his petition pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016), alleging that the prosecutor used perjured and implausible testimony and committed misconduct. In addition, Dunahue alleged that the trial court abused its discretion; that he was denied due process; and that his trial counsel, Rule 37 counsel, and appellate counsel were ineffective. The circuit court found Dunahue was no longer within its jurisdiction and that none of Dunahue's claims were cognizable in a habeas proceeding. Accordingly, the court dismissed his petition. Dunahue lodged an appeal from the dismissal and has now filed a motion seeking to file a nonconforming belated brief on appeal. We need not consider the merits of the motion because it is clear from the record that Dunahue cannot prevail on appeal. We dismiss the appeal and find the motion moot. An appeal from an order that denied a petition for a writ of habeas corpus will not be permitted to go forward

where it is clear that the appellant could not prevail. *Williams v. Kelley*, 2017 Ark. 198. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Arkansas Code Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. *See State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975) ("[T]he controlling question is the identity of the person in whose custody the prisoner is detained."). Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Williams*, 2017 Ark. 198; s*ee Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). At the time the petition was dismissed, Dunahue was incarcerated in Lee County. Regardless of where Dunahue was incarcerated at the time the petition was filed, a writ of habeas corpus issued by the Lincoln County Circuit Court could not be returned because that court lacks personal jurisdiction over prison officials located in Lee County.

Appeal dismissed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** "The equality of all persons before the law is recognized, and shall ever remain inviolate." Ark. Const. art. 2, § 3. This elegant phrase, found in the Arkansas Constitution, could not be more clear. However, this court has treated a pro se incarcerated person differently than it would treat a free-world

2

appellant. All that is pending before this court is Mr. Dunahue's motion to accept a nonconforming brief. Yet, rather than simply ruling on this motion, the majority has precipitously dismissed his appeal.

I say "precipitously" because Mr. Dunahue's brief was rejected by the Criminal Justice Coordinator, an arm of this court that functions as an ersatz Supreme Court Clerk's office for pro se appellants who are incarcerated. Accordingly, this court is purporting to rule on the merits of a brief that is not before it. When I say "not before it," I do not mean it strictly in the procedural sense, although this court's records indicate that Mr. Dunahue's "nonconforming brief" was "returned" to him. I also mean that the tendered brief was not part of the materials that the Criminal Justice Coordinator's office circulated to the court for review.

According to the Criminal Justice Coordinator, Mr. Dunahue's brief was deemed "nonconforming" and had to be "returned." According to a copy of the form that the Criminal Justice Coordinator's office provided to Mr. Dunahue, along with the letter informing him that his brief was not accepted, there were four defects. First, the form indicated that Mr. Dunahue's brief lacked "a cover page with the Supreme Court docket number, name of the case, name of the circuit court, title of the brief, i.e., "Brief for Appellant," and the name of the appellant." This is only partially true; although the format was somewhat irregular, all of the required information was present except for the title of the case, "Reginald Dunahue v. Wendy Kelly, Director of the Arkansas Department of Correction." Next, the form indicated that the brief was "not bound on the left margin by staples or another binding device." This defect seems to be of little consequence because,

3

since January 5, 2017, all materials relating to pro se postconviction matters have been submitted to each justice only electronically. If the tendered briefs had been stapled, the staples would have been removed to scan the handwritten documents. The form further notes that only four copies of the brief had been received. I am mindful that Arkansas Supreme Court Rule 4-7 requires an incarcerated, pro se appellant to submit eight copies. However, this requirement has been overtaken by the current practices of this court—as stated previously, all materials relating to pro se postconviction matters have been submitted to each justice only electronically. When I asked the Criminal Justice Coordinator what the paper copies are used for, she stated that her office sends a copy to the Attorney General, she retains a copy for her files, the Supreme Court Clerk keeps one copy as an "office copy," and her office uses one to "mark up." Her office "holds onto the other four copies until the opinion is handed down and then they are "recycled." The final defect listed on the form was that Mr. Dunahue's addendum did not have *file-marked* copies of his original pleading and notice of appeal.

The last defects that the Criminal Justice Coordinator identified are of a more serious nature. The notice of appeal is not file marked, but is identical to the copy found in the transcript. The habeas petition is not present, but a copy of a petition for a writ of mandamus is. In cases not involving incarcerated pro se appellants, Arkansas Supreme Court Rule 4-2 would allow the appellant to fix this defect by filing a substituted or supplemental addendum. Presumably, Rule 4-7 would allow Mr. Dunahue to do the same.

Mr. Dunahue's motion explains that he did everything within his power to comply with Rule 4-7. He claimed he sent the briefs in two envelopes because the Department of

4

Correction would not provide a single large envelope. Likewise, as a prisoner, he was not allowed to staple his documents. He does not explain, however, why his habeas petition was not included in his addendum.

Dismissing Mr. Dunahue's appeal—presumably on the merits—before his brief has even been accepted by the court is, in effect, an unconstitutional denial of Mr. Dunahue's access to the courts. Just over a year and half ago, this court issued a show-cause order to the Lincoln County Circuit Clerk, based on credible allegations that her office's filing practices were denying incarcerated persons access to the courts. *Dunahue v. Dennis*, 2016 Ark. 285. This court appointed a special master to investigate Mr. Dunahue's case. *Id.* The allegations were found to be true, and corrective actions were ordered. *Dunahue v. Dennis*, 2016 Ark. 426.

I cannot join an opinion that denies Mr. Dunahue his full measure of due process and equal protection. As the Arkansas Constitutions states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

Ark. Const. art. 2, § 13. The laws of this state guarantee Mr. Dunahue the right to appeal. Ark. Const. amendment 80, § 13. Our appellate rules give Mr. Dunahue the opportunity to submit a conforming appellate brief. The disposition of Mr. Dunahue's case should conform to the law.

I respectfully dissent.