Josephine Linker Hart, Justice, dissenting. “The equality of all persons before the law is recognized, and shall ever remain inviolate.” Ark. Const, art. 2, § 3. This elegant phrase, found in the Arkansas Constitution, could not be more clear. However, this court has treated a pro se incarcerated person differently than it would treat a free-world ^appellant. All that is pending bqfore this court is Mr. Dunahue’s motion to accept a nonconforming brief. Yet, rather than simply ruling on this motion, the majority has precipitously dismissed his appeal. I say “precipitously” because Mr. Duna-hue’s brief was rejected by the Criminal Justice Coordinator, an arm of this court that functions as an ersatz Supreme Court Clerk’s office for pro se appellants who are incarcerated. Accordingly, this court is purporting to rule on the merits of a brief that is not before it. When I say “not before it,”, I do not mean it strictly in the procedural sense, although this court’s records indicate that Mr. Dunahue’s “nonconforming brief’ was “returned” to him. I also mean that the tendered brief was not part of the materials that the Criminal Justice Coordinator’s office circulated to. the court for review. According to the Criminal Justice Coordinator, Mr. Dunahue’s - brief was deemed “nonconforming” and had to be “returned.” According to a copy of the form that the Criminal Justice Coordinator’s office provided to Mr., Dunahue,,along with the letter informing him that his brief was not accepted, there were four defects. First, the form indicated that Mr. Dunahue’s brief lacked “a cover page with the Supreme Court docket number, name of the case, name of the circuit court, title of the brief, i.e., “Brief for Appellant,” and the name of the appellant.” This is only partially true; although the format was somewhat irregular, all of the required information was present except for the title of the case, “Reginald Dunahue v. Wendy Kelly, Director of the Arkansas Department of Correction.” Next, the form indicated that the brief was “not bound on the left margin by staples or another binding device.” This defect seems to be of little Consequence because, |4since January 5, 2017, all materials relating to pro se postconviction matters have been submitted to each justice only electronically. If the tendered briefs had been stapled, the staples would have been removed to scan the handwritten documents. The form further ■ notes that only four copies of the brief had been received. I am mindful that Arkansas Supreme Court Rule 4-7 requires an incarcerated, pro se appellant to submit eight copies. - However, this requirement has been overtaken by the current practices of this court—as stated previously, all materials relating to" pro se postconviction matters have been submitted to each justice only electronically. When I asked the Criminal Justice Coordinator what the paper copies are used for, she stated that her office sends a copy to the Attorney General, she retains a copy for her' files, the Supreme Court Clerk keeps one copy as an “office copy,” and her office uses one to “mark up.” Her office “holds onto the other four copies until the opinion is handed down and then they are “recycled,” The final defect listed on the form was that Mr. Dunahue’s addendum did not have file-marked copies' of his original pleading and notice of appeal. The last defects that the Criminal Justice Coordinator identified are of a more serious nature. The notice of appeal is not file marked, but is identical to the copy found in the transcript. The.habeas petition is not present, but a copy of a petition for a writ of mandamus is. In cases not involving incarcerated pro se appellants, Arkansas Supreme Court Rule 4-2 would allow the appellant to fix this- defect by filing a substituted or supplemental addendum. Presumably, Rule 4-7 would allow Mr. Dunahue to do the same. Mr. Dunahue’s motion explains that he did everything within his power to comply with Rule 4-7." He claimed he sent the briefs in two envelopes because the De-. partment of | ^Correction would not provide a single large envelope. Likewise,' as a prisoner, he was not allowed to staple his documents. He does not explain, however, why his habeas petition was not included in his addendum. Dismissing Mr. Dunahue’s. appeal—presumably on the merits—before his brief has even been accepted by the court is, in effect, an unconstitutional denial of Mr, Dunahue’s aecess to the courts. Just over a year and half ago, this court -issued a shoW-cause order to the Lincoln County Circuit Clerk, based on credible allegations that her office’s filing practices were denying incarcerated persons aecess to the courts. Dunahue v. Dennis, 2016 Ark. 285, 2016 WL 3568362. This court appointed a special master to investigate Mr. Duna-hue’s case. Id. The allegations were found to be true, and corrective actions were ordered. Dunahue v. Dennis, 2016 Ark. 426. I cannot join an opinion that denies Mr. Dunahue his full measure of due process and equal protection. As the Arkansas Constitutions states: Every person is entitled to a certain remedy in the laws for all injuries or Wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws. Ark. Const. art. 2, § 13. The laws of this state guarantee Mr. Dunahue the right to appeal. Ark. Const, amendment 80, § 13. Our appellate rules give Mr. Dunahue the opportunity to submit a conforming-appellate brief. The disposition of Mr. Dunahue’s case should conform to the law. I respectfully dissent.