Cite as 2021 Ark. 147

# SUPREME COURT OF ARKANSAS

**No.** CV-21-135

| | |
|---|---|
| | **Opinion Delivered:** June 17, 2021 |
| MATTHEW BURNSIDE | |
| PETITIONER | PRO SE PETITION TO PROCEED IN FORMA PAUPERIS |
| V. | |
| ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION | |
| RESPONDENT | |
| | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Matthew Burnside, proceeding pro se, petitions to proceed in forma pauperis with respect to a petition for writ of certiorari tendered to this court. We deny the petition.

In 2020, Burnside submitted a complaint to the Judicial Discipline and Disability Commission concerning the circuit judge who presided at his criminal trial in 2014. The complaint was dismissed on February 28, 2021. Burnside tendered a petition for writ of certiorari to complete the record and to review the Commission's disposition of the complaint with the petition to proceed in forma pauperis, seeking to file the petition for writ of certiorari without remitting the required filing fee. This court is authorized to review judicial-discipline matters filed with the Commission pursuant to amendment 66 of the Arkansas Constitution, in accordance with Arkansas Code Annotated sections 16-10-401 through –411 (Repl. 2010 & Supp. 2015), and Rules 1 through 15 of the Rules of Procedure

of the Arkansas Judicial Discipline and Disability Commission. *Perroni v. Sachar*, 2017 Ark. 59, 513 S.W.3d 239.

A complaint filed with the Commission is a civil matter. *Brown v. Jud. Discipline & Disability Comm'n*, 2013 Ark. 319 (per curiam). Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in a civil matter on, among other things, the court's satisfaction that the alleged facts indicate a colorable cause of action. *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.*; *see also Breeden v. Kelley*, 2018 Ark. 299, 557 S.W.3d 264. Rule 72 conditions the right to proceed in forma pauperis on both indigency and the court's satisfaction that the facts alleged establish a colorable cause of action. Ark. R. Civ. P. 72(c); *see Berger v. Bryant*, 2020 Ark. 157, 598 S.W.3d 36.

In the petition to proceed in forma pauperis, Burnside avers that he is indigent and that he is not bringing the petition for a frivolous or malicious purpose. In *Stanley v. Coomer*, 2014 Ark. 338, at 2, 439 S.W.3d 54, 55 (per curiam), we held that this statement, in itself, does not constitute a showing of a colorable cause of action such that the petitioner should be allowed to proceed at public expense. Burnside provides no facts pertaining to the substance of the tendered petition for writ of certiorari and does not demonstrate that there is a colorable cause of action in the proceeding. When no fundamental right is involved, filing fees do not violate due process. *Hall v. Bolin*, 2016 Ark. 370 (citing *Partin v. Bar of Ark.*, 320 Ark. 37, 894 S.W.2d 906 (1995)).

Burnside must remit the fee to file the petition for writ of certiorari within thirty days of this decision if he desires to proceed with the tendered petition. *See Young v. Black*, 366 Ark. 198, 234 S.W.3d 384 (2006) (per curiam).

Petition denied.

WOMACK, J., concurs in part and dissents in part.

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part**. I agree that Matthew Burnside failed to meet the requirements to proceed in forma pauperis under Rule 72 of the Arkansas Rules of Civil Procedure. I must respectfully dissent, however, from the majority's decision not to correct the constitutional conflict that exists with regard to the Judicial Discipline and Disability Commission's authority to act. The tendered petition for writ of certiorari seeks review of a decision made by a commission whose constitutional authority to exist and function expired two decades ago with the passage of Amendment 80 to the Arkansas Constitution. Rather than continue to give credence to a commission whose constitutional authority has been revoked, I would dismiss Burnside's underlying petition and exercise this court's authority to create a constitutionally valid entity for resolving judicial complaints. Burnside should then be permitted to file his claim with the newly created entity.

The Commission was created as a function of the state's judicial powers under the authority of Amendment 66 to the Arkansas Constitution, which was passed by voters in 1988. Amendment 66 provides that "[u]*nder the judicial power of the State*, a Judicial Discipline and Disability Commission is established[.]" Ark. Const. amend. 66(a) (emphasis added). From its inception, the Commission was responsible for initiating or receiving complaints

concerning judicial misconduct, conducting investigations and hearings, and making recommendations to this court. *See* Ark. Const. amend. 66(b)–(c). Even when allegations of ethical violations by judges or judicial candidates are brought to the attention of this court, a referral has historically been made by opinion or letter to the Commission.

Amendment 66 remained good law until voters adopted Amendment 80 in 2000, which reads in relevant part:

> *The judicial power is vested* in the Judicial Department of state government, consisting of a Supreme Court and other courts established by this constitution.

Ark. Const. amend. 80, § 1 (emphasis added).

> No other provision of the Constitution of the state of Arkansas shall be repealed by this amendment unless the provision is in irreconcilable conflict with the provisions of this amendment.

Ark. Const. amend. 80, § 22(G).

Amendment 66 created the Commission under the judicial power of the state. Amendment 80, the later adopted amendment, vested the judicial power solely and exclusively in the judicial department of state government, which it defines as a supreme court and other courts established by the constitution. Our constitution, as it now exists, does not divide judicial power between the courts and the Commission, but rather it unequivocally vests it in the courts alone.

Because Amendment 66 purports to exercise judicial power in the form of the Commission, it is irreconcilably in conflict with Amendment 80, § 1. Moreover, under Amendment 80, § 22(G), Amendment 66 was repealed upon the effective date of Amendment 80 because the existence of the Commission is in irreconcilable conflict with

4

Amendment 80 due to the unconstitutional exercise of judicial powers by an entity other than the courts. The Commission should be dissolved, effective immediately.

In order to protect the public and the integrity of our judicial system, there must be a structure in place to address compliance with ethical rules for judges and judicial candidates. Under Amendment 80, § 4, this court has general superintending control over the courts of the state. It is thus our responsibility to create a new entity and process for handling compliance in a way and through an entity that is consistent with our state's constitution. We should immediately begin the process of creating a constitutionally valid entity to replace the Commission that will oversee the ethical rules for judges and judicial candidates and compliance with such rules. We should also order the immediate termination of all funding of the Commission and its activities, as those funds are currently being spent in an unlawful manner. We should further request the General Assembly to set aside those funds that have been appropriated for use by the Commission, and designate that appropriation for use by a new and lawful entity to be created by this court under our judicial powers and superintending control over the courts of this state as granted by Amendment 80.

I respectfully concur in part and dissent in part.

*Matthew Burnside*, pro se petitioner.